## Crothers *v.* Philadelphia Electric Company, Appellant.

*Negligence—Master and servant—Charge.*

In an action by an employee against his employer to recover damages for personal injuries, where the evidence on behalf of the plaintiff shows clear negligence on the part of the defendant, but such evidence is flatly contradicted, it is reversible error for the court to affirm without qualification a point to the effect that the failure of the defendant to render the plaintiff proper protection, rendered the defendant liable for the injuries suffered by plaintiff, and that the verdict should be for the plaintiff.

Argued March 29, 1907. Appeal, No. 102, Jan. T., 1907, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1905, No. 2,834, on verdict for plaintiff in case of William T. Crothers v. Philadelphia Electric Company. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before BIDDLE, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $3,000. Defendant appealed.

*Error assigned* among others was in affirming plaintiff's fourth point, quoted in the opinion of the Supreme Court.

*R. Stuart Smith*, with him *Charles E. Morgan*, for appellant.

*William H. Wilson*, with him *Joseph P. Rogers* and *Francis M. McAdams*, for appellee.

OPINION BY MR. JUSTICE FELL, May 13, 1907:

It appeared from the plaintiff's testimony that he had been employed by the defendant as a cable splicer or electric plumber. He was taken from this work, which was done mainly in underground conduits, and directed to assist in the removal of an iron pole which had rusted near the base and become unfit for use. This was work with which he was not familiar. The pole had been inspected and condemned as unsafe, but of this fact he had no knowledge; the defects were not apparent nor discernible except by inspection; he supposed the pole was safe as it appeared to be, and from information received from the foreman believed that it was to be replaced by one of a different kind. While he was at the top of the pole, assisting in the removal of a mast-arm, the pole broke a few inches from the ground because it was too weak to sustain the extra weight.

This testimony, although flatly contradicted, made out a case that entitled the plaintiff to go to the jury, since it tended to show that there was a special risk in the work which was not patent, and was not known to him but was known to his employer. Of this he should have been warned. The error at the trial which calls for a reversal of the judgment was in the answer to the plaintiff's fourth point: " If you find that the work in which the said plaintiff was engaged at the time of the accident was not the usual and customary work which he had been engaged by the defendant company to perform, and that the plaintiff was inexperienced in that

line of work, then the defendant company owed to the plaintiff a higher degree of care, and should have used every reasonable means for protecting him from injury, and their failure so to do renders them liable for the injuries suffered by the said plaintiff, and your verdict should be for the plaintiff." The affirmance of this point withdrew from the consideration of the jury the testimony of the defense, which, if believed, would have prevented a recovery. The last clause of the sentence, " and their failure so to do renders them liable for the injuries suffered by the said plaintiff, and your verdict must be for the plaintiff," is a declaration that the defendant had failed in the performance of its duties, and the affirmance was in effect a peremptory instruction to find for the plaintiff.

The first assignment of error is sustained, and the judgment is reversed with a venire facias de novo.