# Mead *v.* Central Pennsylvania Traction Company, Appellant.

*Negligence—Street railways—Collision of automobile and car.*

1.  In an action against a street railway company to recover damages for injuries to an automobile struck by a street car, plaintiff testified that his car stalled on the tracks at a crossing when the car was at least 284 feet distant.  His testimony was contradicted by defendant's witnesses who testified that plaintiff had not stopped his automobile before crossing, and that he had driven directly in front of the car when it was only twenty-five to thirty feet distant, and that when the automobile stalled the motorman made every possible effort to stop his car.  *Held*, that it was reversible error for the trial judge to ignore the defendant's testimony, and to virtually charge that negligence of the defendant might be presumed from the mere fact that the car was not stopped before it reached the automobile.

*Negligence—Damages—Damages for detention.*

2.  In an accident case where the plaintiff in his statement claims $2,000, testifies to damages in the neighborhood of $1,200, and recovers a verdict for about half of that amount, it is reversible error for the court to charge affirmatively that the plaintiff was entitled to damages for detention.  In such a case the question of detention is for the jury.

*Negligence—Street cars—Automobiles—Collision between car and automobile.*

3.  Where an automobile stalls on the tracks of a street railway at a

grade crossing, it is the duty of the person in charge of it to signal with reasonable promptness to those operating an approaching street car, in order that the latter may know that the automobile could not be gotten off the tracks. In such a case it is reversible error for the court to charge as a matter of law that the driver of the automobile was not required to get out of his car, and go upon the track to warn the motorman of his danger.

Argued March 11, 1913. Appeal, No. 3, March T., 1913, by defendant, from judgment of C. P. Dauphin Co., Jan. T., 1910, No. 64, on verdict for plaintiff in case of Arthur C. Mead v. Central Pennsylvania Traction Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Trespass to recover damages for injuries to an automobile. Before GILLAN, P. J., specially presiding.

At the trial it appeared that the plaintiff on September 22, 1909, drove an automobile on to the tracks of the Central Pennsylvania Traction Company at Seventeenth and Walnut streets in the city of Harrisburg. The circumstances of the accident are stated in the opinion of the Superior Court.

During the trial a juror made the following statement:

Then the question arose whether or not the man properly protected himself. He claimed this man should have left the automobile and run and signaled the motorman. That is the contention. This man said (referring to another juror) he should have properly protected himself when he knew he could not get off the street car track. That is the question that is not set in my mind properly, whether or not he should have left the automobile and run toward the motorman to show that he was in danger.

The Court: To answer that question, I would say that he was not bound to do that. But the whole question is, gentlemen of the jury, what you are to determine is, whether or not the man was negligent. No such question as you have asked us was raised on

402    MEAD *v.* CENT. PENNA. TRAC. CO., Appellant.

Statement of Facts—Opinion of the Court.    [54 Pa. Superior Ct.

the trial, and as matter of law I do not think he was bound to do that.

Verdict and judgment for plaintiff for $655.17. Defendant appealed.

*Errors assigned* were (1–3) portions of charge, quoted in the opinion of the Superior Court; (4) answer to juryman as above.

*L. J. Wolfe* and *C. L. Bailey*, for appellant, cited as to negligence: Crothers v. Philadelphia Electric Co., 218 Pa. 214.

Cited as to damages for delay: Pierce v. Lehigh Valley R. R. Co., 232 Pa. 170; Richards v. Citizens' Nat. Gas Co., 130 Pa. 37; Shevalier v. Postal Tel. Co., 22 Pa. Superior Ct. 506.

*James A. Stranahan*, for appellee.

OPINION BY PORTER, J., July 16, 1913:

The plaintiff was driving his automobile across the track of the defendant company when his engine stalled and as a consequence his car stopped on the track. While in this position the automobile was struck by a street car of the defendant company, the street car moved a few feet after the collision, and plaintiff's automobile was to some extent damaged. The plaintiff brought this action to recover of the defendant company, alleging that the collision had resulted from the negligence of those operating the street car. He recovered a verdict and judgment in the court below and the defendant appeals.

The plaintiff testified that the street car was at least 284 feet distant at the time his automobile came to a standstill upon the track. The street car approached the point of collision upon a descending grade, and just prior to the collision the plaintiff noticed that the motorman was making frantic efforts to stop the car. He also testified that he had stopped his automobile and looked and

listened for street cars before attempting to cross the
track, and that no car was then in sight.    That he first
saw the street car after his automobile had stopped upon
the track.    His testimony was contradicted by that of
several witnesses called on behalf of the defendant, who
said that the plaintiff had not stopped his automobile,
that he had driven directly in front of the street car, when
it was only twenty-five or thirty feet distant from the
point of crossing, and that when plaintiff's automobile
came to a standstill the motorman made every possible
effort to stop the car, but the collision was unavoidable.
If the witnesses for the defendant told the truth and were
not mistaken, the employees of defendant company were
guilty of no negligence in the management of the street
car.    Assuming that the testimony of the plaintiff would
have warranted a finding that the employees of the defend-
ant were guilty of negligence, then the conflict of evidence
presented a question of fact upon which it was for the
jury to pass.•    The learned judge of the court below
charged the jury as follows: "He (plaintiff) tells you that
while he was on that car track, he stalled there, because
his engine would not work, and the defendant's car struck
him, and injured his car.    If he is right about that, if he
looked before he went on that track, and saw no car
coming, unless he was guilty of negligence in undertaking
to go on when his car was out of order, then he has a
right to recover; because, if his car went there and stalled
there, and it was in plain sight of the motorman on the
traction car, it was his business to stop before he struck
him."    And again: "If, through no fault of his own, the
car stalled on the street car track, and he could not get
away, he is not to be held responsible for that, but the
defendant company was bound to see that car there, and
stop before they got to it."    This instruction must have
been understood by the jury as meaning that if the
automobile stalled upon the street car track, through no
fault of the plaintiff, then the plaintiff was entitled to
recover if the street car struck the automobile; that the

negligence of the defendant company was to be presumed from the mere fact that the street car was not stopped before it reached the automobile. This instruction ignored the undisputed fact that the street car was approaching upon a down grade and the testimony of the witnesses produced by the defendant, as to situation of the street car at the time the plaintiff attempted to pass in front of it, which if believed, ought to have prevented a recovery. The instructions were clearly erroneous: Crothers v. Philadelphia Electric Co., 218 Pa. 214. The first and second specifications of error are sustained.

The court after correctly instructing the jury as to the measure of damages for the injury to the car, added: "You cannot allow interest on that as interest; but the Supreme Court of the state has said you may allow . . . . the best way to find out what damages for detention are is to calculate interest on the amount of his loss from that time to this; and, if you return a verdict, you simply return a verdict for one gross sum." This constituted an affirmative instruction that the plaintiff was entitled to damages for detention, and was erroneous. The right to compensation for delay in the payment of damages arising out of a tort depends upon the circumstances of the case, and is usually to be determined by the jury, not by the court, under the evidence submitted. If the delay in making a proper settlement has been due solely to the action of the defendant, the jury may properly allow compensation for that delay. If, on the other hand, the fault lies with the plaintiff by reason of an excessive and unconscionable demand, one which the defendant is required to protect himself against by litigation, the latter should not be penalized for the unwarranted conduct of the plaintiff and be compelled to make compensation for the delay: Pierce v. Lehigh Valley Coal Co., 232 Pa. 170. The plaintiff in the present case averred in his statement that he had been damaged in the sum of $2,000; he testified at the trial to damages in the neighborhood of $1,200, and the jury after hearing all the evidence returned a verdict for

a little over one-half the latter amount.   The third speci-
fication of error is sustained.

When the automobile of the plaintiff came to a stand-
still upon the street car track as the result of the unex-
pected failure of its engine, it was his duty to signal with
reasonable promptness to those operating the approaching
street car, in order that they might know that the auto-
mobile could not be gotten off the track.   What signal
ought to be given in such a case must depend upon all
the circumstances, and would, therefore, be a question
for the jury.   We are of opinion that it was error for the
court below to charge the jury, as matter of law, that the
plaintiff was not required to get out of his automobile and
go upon the track to warn the motorman of the danger.
Whether the plaintiff ought to have done so was for the
jury to determine.   The fourth specification of error is
sustained.

The judgment is reversed with a venire facias de novo.