# Dyer *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street railways—Trolley car and wagon—Head-on collision —Case for jury.*

1. In an action against a street railway to recover damages for injuries sustained in a head-on collision between a trolley car and wagon, the case is for the jury and a verdict and judgment for plaintiff should be sustained where the evidence for the plaintiff, although contradicted, tended to show that the plaintiff at the time of the accident was driving a wagon eastwardly on the tracks of defendant's single track electric road; that he approached a cross street upon which were a number of railroad tracks; that he saw ahead of him defendant's car approaching about twenty yards away, just crossing the railroad tracks; that the conductor was standing in the center of the cross street having run ahead of the car to see whether the railroad tracks were clear; that when the car came up he boarded it, and the car at once started at full speed; that the plaintiff commenced to leave the trolley tracks about twenty yards from the cross street, but some escaping steam caused his horse to shy and brought the team back to the car track, and before he cleared the tracks the car came along and struck the hind wheel of his wagon, causing the injuries for which the suit was brought.

2. The driver of a wagon is required to yield the tracks promptly to an approaching car, but he is not a trespasser because he is upon the tracks. He only becomes one if, after notice, he negligently remains there.

Argued Oct. 8, 1914.    Appeal, No. 66, Oct. T., 1913, by defendant, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1904, No. 2,620, on verdict for plaintiff in case of Thomas Dyer v. Philadelphia Rapid Transit Company.    Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ.    Affirmed.

Trespass to recover damages for personal injuries and for injuries to a wagon and harness.    Before RALSTON, J.

The circumstances of the accident are stated in the opinion of the Superior Court.

. Verdict and judgment for plaintiff for $400.    Plaintiff appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Wm. M. Stewart, Jr.*, for appellant, cited: Byrne v. Electric Ry., 19 Pa. Superior Ct. 531; Thatcher v. Central Traction Co., 166 Pa. 66; Minnich v. Wright, 214 Pa. 201; Mortimer v. Beaver Valley Traction Co., 216 Pa. 326.

*Henry J. Scott*, for appellee, cited: Barto v. Beaver Valley Traction Co., 216 Pa. 328; Bryne v. Electric Ry., 19 Pa. Superior Ct. 531; Thatcher v. Central Traction Co., 166 Pa. 66; Sieb v. Central Penna. Traction Co., 47 Pa. Superior Ct. 228; Thompson v. People's Traction Co., 180 Pa. 114.

OPINION BY TREXLER, J., February 24, 1915:

The only error alleged is that the court should have directed a verdict for the defendant. The testimony of the witnesses in this case is contradictory. A reading of it, however, shows that there was enough to sustain the verdict for the plaintiff. Taking the plaintiff's version of the affair he was driving a milk wagon eastward in the car track on Norris street on which there was a single-track trolley road. . He was approaching Trenton avenue, a cross street upon which there are five railroad tracks crossing Norris street at right angles. Plaintiff saw defendant's car approaching about thirty yards away, just crossing Trenton avenue. The conductor was standing in the center of Trenton avenue, having run ahead of the car to see whether the railroad tracks were clear. When the car came up he boarded it and it at once started at full speed. . Plaintiff commenced to leave the trolley tracks about twenty yards from Trenton avenue, but some escaping steam caused his horse to shy and brought the team

back to the car tracks and before he cleared the tracks the car came along and struck the hind wheel of his wagon, causing the injury for which suit is brought.

This certainly does not present a case so clear that it can be ruled as a matter of law: Iseminger v. York Haven Water and Power Company, 206 Pa. 591; Edsberg v. Baldwin Locomotive Works, 240 Pa. 614. It was not negligence per se for the plaintiff to be upon the tracks. The driver of the wagon is required under our decisions to yield the tracks promptly to an approaching car but he is not a trespasser because he is upon the track. He only becomes one if, after notice, he negligently remains there: Thatcher v. Central Traction Co., 166 Pa. 66. Whether he exercised proper care under the circumstances or negligently remained upon the car track after he saw the approaching car was for the jury, and if they found he was not negligent the question then remained for them to decide whether the motorman for the defendant saw, or should have seen the plaintiff attempting to get out of the way of the car and exercised such watchful care as was required, or negligently propelled his car and thus caused the injury to the plaintiff. The jury decided that the defendant was negligent and that the plaintiff was not negligent. The charge of the trial judge presented the matter fairly and the verdict should not be disturbed.

The assignments of error are overruled and the appeal is dismissed, at the cost of the appellant.