# O'Donnell v. The Bell Telephone Company of Pennsylvania, Appellant.

*Negligence—Master and servant—Telephone company—Lineman injured by fall of pole—Inspection—Evidence—Assumption of risk.*

1. While an employee is deemed to assume such risks as are ordinarily and reasonably connected with his employment and is presumed to have notice of those dangers which are obvious, yet the employer is charged with the duty of maintaining and keeping in reasonably safe repair the instrumentalities or appliances used in the operation of the business so as not to expose the employee to dangers not ordinarily or reasonably incident to the employment.

2. In an action to recover damages for personal injuries, it appeared that plaintiff, a lineman in the employ of defendant telephone company, was injured by the falling of a pole while he was engaged in removing wires from the cross arms located near the top. The work was in charge of a foreman of defendant company under whom plaintiff was working and from whom he received orders. The testimony showed that the pole was decayed at the base and had been in use for a period of ten or fifteen years. There was no evidence when, if ever, the pole had been inspected and no evidence to show a customary method of inspecting such poles or that defendant company had any rule relating to their inspection or had made any effort to maintain its poles in proper repair. Plaintiff had no knowledge of the defective condition of the pole and there was nothing in its appearance to put him on notice of danger. Defendant offered no evidence and the trial judge refused a motion for a nonsuit and submitted the case to the jury, who returned a verdict in favor of the plaintiff. *Held,* no error.

3. The proximate cause of the injury, under the above recited facts, was not the cutting of the wires by a fellow workman but the breaking of the pole, which resulted from its decayed and unsafe condition.

Argued May 5, 1915. Appeal, No. 92, January T., 1915, by defendant, from judgment of C. P. No. 1, Philadelphia Co., June T., 1912, No. 927, on verdict for plaintiff in case of Edward J. O'Donnell v. The Bell Telephone Company of Pennsylvania. Before Brown, C. J., Mestrezat, Elkin, Stewart and Frazer, JJ. Affirmed.

Trespass to recover damages for personal injuries.
Before BREGY, P. J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $2,500 and judgment thereon.
Defendant appealed.

*Error assigned* was in refusing to enter judgment for
defendant n. o. v.

*Benjamin O. Frick* and *Frank P. Prichard,* for appel-
lant.

*John E. Kenny* and *Henry J. Scott,* for appellee.

OPINION BY MR. JUSTICE FRAZER, July 3, 1915:

Plaintiff, a lineman in the employ of appellant, was
injured by the falling of a pole from which he was en-
gaged in removing wires from the cross-arms located
near its top.   The work was in charge of a foreman of
appellant under whom plaintiff was working and from
whom he received orders.   The testimony shows the pole
was decayed at the base, or as some of the witnesses tes-
tified "at the top of the pavement" and had been in use
for a period of ten or fifteen years, and there is no evi-
dence when, if ever, it had been inspected.   Plaintiff had
no knowledge of its decayed condition and there was
nothing in its appearance to put him on notice of danger.
Defendant offered no testimony but asked for a nonsuit
at the conclusion of plaintiff's case.   The trial judge re-
fused the motion and submitted the case to the jury
which rendered a verdict in favor of plaintiff.   A mo-
tion for judgment for defendant non obstante upon the
whole record being refused this appeal followed.

The main contention of appellant is that defendant
company did not owe its linemen the duty of inspecting
each pole upon which its wires are suspended to ascer-
tain whether or not it is in a safe condition before direct-
ing an employee to work upon it, but that a lineman as-

sumes the risk of an old pole breaking and falling when wires are being attached to or removed from it. This may be conceded as a general proposition of law, but even assuming the law is thus correctly stated, it does not follow that judgment should be entered for defendant upon the record here presented. There is no evidence in this case to show an inspection of the pole which broke by defendant company at any time or that anything had been done to maintain it in reasonably safe condition. The record is entirely silent upon these material questions. In addition it may be said that no evidence was introduced to show a customary method of inspecting such poles, or that appellant had any rule relating to their inspection, or had made an effort to maintain its poles in proper repair. The pole had been in use for many years, a fact known to appellant, but of which appellee had no knowledge. Under these circumstances we cannot say as a matter of law that plaintiff failed to make out a prima facie case of negligence.

Counsel for appellant ask whether a telephone company which makes reasonable periodical inspection. of its poles is bound to send into the field with every gang of workmen an experienced employee to inspect its poles above and below the ground before linemen are permitted to work upon them? This question may be answered in the negative without defeating the right of plaintiff to recover in this action. The question assumes a periodical inspection by the company of its poles and that appellant had performed its duty in this respect. There is nothing in the testimony to warrant this assumption, and if such a defense was relied on the burden was on defendant to establish the facts upon which to base it. It was no part of plaintiff's case to prove a periodical inspection, and having shown the pole had been in use for many years and was rotten at the base, the jury might reasonably infer that its decayed condition was easily discoverable if the defendant had made a proper inspection.

It is true an employee is deemed to assume such risks as are ordinarily and reasonably connected with his employment, and that he is presumed to have notice of those dangers which are obvious. It is equally true, however, that the employer is charged with the duty of maintaining and keeping in reasonably safe repair instrumentalities and appliances used in the operation of the business so as not to expose the employee to dangers not ordinarily or reasonably incident to the employment. Whether the employer did his duty in these respects, and whether the employee assumed the risk in a case where the facts are disputed, or different inferences may be drawn from them, are generally questions for the jury. The following cases may be cited as authority for the general principles of law applicable to these questions: Crothers v. Philadelphia Electric Co., 218 Pa. 214; Barry v. Jones & Laughlin Steel Co., 234 Pa. 367; Stewart v. Central R. R. Co. of New Jersey, 235 Pa. 311; Killmeyer v. Forged Steel Wheel Co., 243 Pa. 110. Counsel for appellant rely on two Massachusetts cases to sustain their contention in the case at bar upon the question of the assumption of risk. They are McIsaac v. Northampton Electric Lighting Co., 172 Mass. 89, and Tanner v. New York, New Haven & Hartford R. R. Co., 180 Mass. 572. These cases were distinguished by the same court in the later case of Lord v. Wakefield, 185 Mass. 214, and as thus explained there is nothing in the doctrine of those cases to defeat a recovery under the facts of the present case. Plaintiff was not engaged in taking down old poles and indeed did not know that the pole which broke was old and in an unsafe condition. His duty was to remove the wires from a presumably sound pole and one fit for use.

It is also contended the pole in question belonged to an electric lighting company and that appellant had no duty to perform in connection with maintaining it in safe condition. The difficulty with this position is appellant offered no evidence to show upon what terms and

conditions it made use of the poles of the electric company. They had been used jointly by the two companies for many years and the employee had the right to assume that his employer had furnished him with reasonably safe instrumentalities for the performance of his duties. If the defendant company desired to rely on the defense that it had no duty to perform in connection with the pole, the burden was upon it to establish its contention by proper evidence. Not having done so, the case must be decided upon the record as it stands, and when so considered the pole which fell and injured plaintiff must be regarded as under the control and supervision of appellant in so far at least as the duty to inspect and maintain in reasonably good repair is involved.

We cannot agree that the breaking of the pole was due to the negligence of a fellow-workman who cut the wires. The proximate cause of the injury was the breaking of the pole which resulted from its decayed and unsafe condition, a fact which was easily discoverable by proper inspection.

The case was for the jury and it was properly submitted.

Judgment affirmed.