## Coleman, Appellant, v. Pittsburgh, Harmony, Butler & New Castle Street Railway Company.

*Negligence—Street railways—Automobiles—Automobile stalled on tracks—Collision—Contributory negligence.*

In an action against a street railway company to recover damages for personal injuries sustained as the result of a collision between one of defendant's cars and an automobile stalled on the defendant's tracks, judgment n. o. v. was properly entered for the defendant where it appeared that the night was dark and foggy, that the plaintiff remained in the automobile with the knowledge that it was on the street railway track, and that her chauffeur, who went back along the track for some distance, failed in his effort to stop the approaching car.

Argued Oct. 12, 1915.   Appeal, No. 60, Oct. T., 1915, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1913, No. 1720, for defendant n. o. v., in case of Mary A. Coleman v. Pittsburgh, Harmony, Butler & New Castle Street Railway Company.   Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before SHAFER, J.
The opinion of the Supreme Court states the facts.
Verdict for plaintiff for $1,520.00.   The court subsequently entered judgment for defendant n. o. v.   Plaintiff appealed.

*Error assigned* was in entering judgment for defendant n. o. v.

*U. G. Vogan,* of *Miller, Vogan and Nesbitt,* for appellant.

*Walter Lyon,* for appellee, was not heard.

PER CURIAM, January 3, 1916:

The machinery of the automobile in which the plaintiff below was riding got out of order, and it stopped about midnight on one of the tracks of the defendant company.  The night was foggy and very dark.  After nearly an hour's effort to push the automobile off the track, the chauffeur, remembering that a car of the defendant company was about due, went back along the track for some distance for the purpose of stopping it; but, after making all proper efforts to do so, failed.  During this time the appellant first got out of the automobile and then went back into it.  She admitted that she knew it was still upon the street railway track.  While in it the car of the defendant, which the appellant's chauffeur tried to stop, struck the automobile, and she was injured. A clearer case of contributory negligence is not to be well imagined, and the learned court below correctly so concluded in ordering judgment to be entered for the defendant, non obstante veredicto.

Judgment affirmed.