## Estep *v.* Beaver Valley Traction Co., Appellant.

*Negligence—Street railways—Automobiles — Rear end collision —Contributory negligence—Case for jury.*

Where the driver of a truck by reason of traffic stoppage ahead, brings his truck to a standstill on a dark and foggy night, with a red tail light burning, so that the wheels of the truck straddled the tracks, and an electric car runs violently into the rear end of the

truck, although the tail light could have been seen for over 100 feet, the questions of negligence and contributory negligence are for the jury.

Argued October 2, 1923.   Appeal, No. 116, Oct. T., 1923, by defendant, from judgment of C. P. Beaver Co., June T., 1922, No. 86, on verdict for plaintiff, in case of Herbert C. Estep v. Beaver Valley Traction Co.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Trespass for personal injuries.   Before BALDWIN, P. J. The opinion of the Supreme Court states the facts.

Judgment on verdict for plaintiff for $5,155.   Defendant appealed.

*Error assigned* was, inter alia, refusal of defendant's motion for judgment n. o. v., quoting record.

*D. A. Nelson,* for appellant.

*Cyrus A. Davis,* of *Eckles & Davis,* with him *W. S. & W. S. Moore, Jr.,* for appellee.

PER CURIAM, January 7, 1924:

H. C. Estep recovered a verdict on which judgment was entered; defendant has appealed.

Plaintiff, was a helper on a five-ton automobile truck, which, on the night of February 10, 1922, came to a standstill on the public highway, owing to the stoppage of traffic ahead, caused by a collision of another vehicle and a street car.   The truck stood with its right wheels between one of the rails of the trolley track and the street curb, thus placing its red tail light, located on the left side of the rear of the machine, midway between the street car rails.   The night was dark and foggy, but the tail light was burning and the truck stopped at a point under a street electric light, which also was burning at the time.   After standing thus for some min-

utes, the rear end of the truck was violently run into by a car of defendant company, and the plaintiff injured. There was evidence that on this night, notwithstanding the fog, a rear light could be seen at a distance of from 100 to 150 feet.

We agree with the court below that, "under these circumstances, the questions of negligence and contributory negligence were clearly for the jury. The weather conditions called for extraordinary vigilance on the part of all users of the highway. Whether the motorman should have seen the truck and had his car under such control as to avoid running into it was a question for the jury and not for the court to determine. Likewise, it was for the jury to say whether plaintiff's conduct was that of a reasonably prudent man under the circumstances: it is not for the court to say that he was guilty of contributory negligence."

The various assignments show no reversible error; they are all overruled, and the judgment is affirmed.