# McPherson *v.* Philadelphia Rapid Transit Co., Appellant.

*Negligence—Street railways—Automobiles—Collision—Case for jury.*

In an action of trespass to recover damages for personal injuries received in a head-on collision between the plaintiff's automobile and one of the defendant's trolley cars, it appeared that the plaintiff was driving on the street railway track, which he was compelled to use because of the vehicles parked on both sides of it. Before he could turn out he stopped because his engine stalled. He tried to start his engine, and while so engaged one of the defendant's cars came towards him and stopped about seventy-five feet distant. The trolley car then started and, notwithstanding the warning given by persons on the street, ran him down and injured him.

Under such circumstances, the case was for the jury and a verdict for the plaintiff will be sustained. It was a question for the jury to decide whether the plaintiff should have left his automobile before the car hit it, or whether he was justified in remaining in it and trying to start it. His motor was stalled, not on a railroad, but on a street railway track, and it was for the jury, not the court to say whether, in the circumstances, he should have expected that a street car which had stopped nearly a hundred feet away would be operated at such speed, or with such lack of control that it could not be stopped in time to escape hitting a stalled automobile in plain view, especially when warning was given within a few feet after the car had started.

*Trespass—Negligence—Loss of earnings—Evidence.*

Where the plaintiff's occupation was that of a steeple-jack, which could be carried on in winter, except on stormy days, the jury were competent to find from their own knowledge and experience that there were days between January and June which were not unsuitable for such work, and could allow a reasonable amount for loss of earnings, taking into consideration their own knowledge of weather conditions.

Argued October 28, 1924. Appeal, No. 160, Oct. T., 1924, by defendant, from judgment of Municipal Court of Philadelphia, July T., 1923, No. 856, on verdict for plaintiff in the case of Clarence D. McPherson v. Phila-

delphia Rapid Transit Company. Before ORLADY, P. J.,
PORTER, HENDERSON, TREXLER, KELLER, LINN and GAW-
THROP, JJ. Affirmed.

Trespass to recover damages for personal injuries.
Before CRANE, J.

The facts are stated in the opinion of the Superior
Court.

Verdict for plaintiff in the sum of $3,000; subse-
quently a remittitur in excess of $2,500 was filed and
judgment entered thereon. Defendant appealed.

*Error assigned* was, among others, refusal of defend-
ant's motion for judgment non obstante veredicto.

*Charles J. Biddle,* for appellant.

*David N. Feldman,* for appellee.

OPINION BY KELLER, J., April 28, 1925:

Plaintiff brought this action in trespass for personal
injuries received in a head-on collision between his auto-
mobile and one of defendant's cars. The verdict in his
favor established defendant's negligence. Two ques-
tions are raised by the appeal: (1) Plaintiff's contribu-
tory negligence; (2) the court's answer to one of de-
fendant's points on the subject of damages.

(1) Plaintiff was driving his automobile from Gibbs-
town, N. J., to his home in Philadelphia, and about 6:30
p. m. was traveling on Germantown Avenue, a well-
lighted street, with his automobile lights on. As he ap-
proached Diamond Street, he was compelled to use the
street railway track, because of vehicles parked on both
sides of it and before he could turn out again his engine
stalled. He was then about seventy-five feet from Dia-
mond Street. He tried to start his engine and while so
engaged one of defendant's street cars came towards

off passengers.  The trolley car then started and notwithstanding warning given by persons on the street to the motorman when the car was fifty feet from plaintiff's automobile, ran him down and injured him as he was trying to crawl out over some boards or scaffolding with which his automobile was loaded.  This was not the case of a person suddenly driving upon a street railway track in the face of an approaching trolley car, or of a driver negligently remaining on such track, although he could have turned safely to one side, as in Ciszkowicz v. Scranton Ry. Co., 70 Pa. Superior Ct. 352; Dyer v. Phila. R. T. Co., 58 Pa. Superior Ct. 634, and similar cases; but rather of one who drives upon the track without negligence, and through causes beyond his control is not able to leave the track, as in Boden v. Phila. R. T. Co., 77 Pa. Superior Ct. 605.  It was a question for the jury to decide whether the plaintiff should have left his automobile before the car hit it, or whether he was justified in remaining in it and trying to start it.  His motor was stalled, not on a railroad, but on a street railway track, and it was for the jury, not the court, to say whether, in the circumstances, he should have expected that a street car which had stopped only a hundred feet away would be operated at such speed, or with such lack of control, that it could not be stopped in time to escape hitting a stalled automobile in plain view, especially when warning was given within a few feet after the car had started: Mead v. Central Penna. Traction Co., 63 Pa. Superior Ct. 76.

(2) Plaintiff was a steeple jack, who at the time he was hurt was at work with two ground assistants on a job for the DuPonts at Gibbstown, electrically welding ladders on a 200-foot stack.  He received $50 a day and paid his helpers $5 a day each, leaving a net return to him of $40 per day.  His work at Gibbstown required eleven or twelve days more to finish, and then he was going to the Deep Water Plant of the DuPonts on another job.  His testimony was that he could work at his

business in winter except on blowy or stormy days; that he was accustomed to earn as a steeple jack from $40 to $50 per day, and had not been able to do any work from January, 1923, when he was hurt, until June, 1923, about five months; and that when he did go to work he suffered from dizziness and was not able to climb high stacks but had to employ men to do so, and pay them about four-fifths of the amount he received. In view of this testimony the court would not have been justified in charging the jury that, "There is no sufficient evidence of any loss of earnings for any period other than that required to finish the job on which the plaintiff was working at the time of the accident," as requested by the defendant's second point.   It went too far.   The plaintiff was engaged for another job by the DuPonts as soon as he finished this one and if it took only one day to complete, it required a refusal of the defendant's point.   Besides, the jury might consider that plaintiff could work, according to his testimony, even in winter, on days which were not stormy and blowy; and they were competent to find from their own knowledge and experience that there were days between January and June that were not unsuitable for such work.   A man whose employment is in the open, such as a bricklayer, or stone mason, or even a steeple jack, is not to be denied all compensation for loss of earnings, simply because he does not give exact evidence as to the number of clear days on which he might have worked.   Where his employment is reasonably steady in good weather, as this plaintiff testified, the jury may allow a reasonable amount for loss of earnings taking into consideration their own knowledge of weather conditions.

The assignments of error are overruled and the judgment is affirmed.