Maddock and Maddock, Appellants, *v.* P. R. T. Company.

Argued October 15, 1931.

Before T<small>REXLER</small>, P. J.,

KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ. ▮

D. H. Hamilton, and with him J. W. McWilliams and C. S. Wesley, for appellants.

Samuel H. Coplin, and with him Bernard J. O'Connell, for appellee.

OPINION BY GAWTHROP, J., December 16, 1931:

This is an action for damages to an automobile truck. About nine o'clock on the morning of October 17, 1930, plaintiffs' driver drove their truck northward on Seventh Street, in the City of Philadelphia, and parked it on the west side of the street against the curb at a point north of Washington Square, and went into a building to deliver a package. Defendant operates a single track trolley line on Seventh Street, the cars going north into that street by turning to the right at the corner of Washington Square. While the driver was delivering the package a trolley car swung around the curve at Seventh Street and Washington Square and the overhang of the car struck the truck. The driver testified for plaintiffs that he "pulled up above the bend to give the car a chance to pull around there. To my own judgment I pulled up far enough and I stopped the truck." This witness did not see the accident. The only other witness called

by plaintiffs testified that he was driving a truck behind the trolley car as it proceeded west on Washington Square and turned north into Seventh Street at a speed of about ten or eleven miles an hour, and that he heard a crash and through the windows of the trolley car saw the truck move. Defendant offered no testimony and the court below, sitting without a jury, entered a finding for defendant on the ground that the negligence of the driver of the truck contributed to the accident. Plaintiff's motion for judgment non obstante veredicto and for a new trial were overruled. Hence this appeal.

Appellants ask us to answer a single question, namely, whether the court below erred in holding that the driver of the truck was guilty of contributory negligence *as a matter of law*. The answer must be that this question is not raised by the record. The trial judge found *as a fact* that the negligence of the driver of the truck contributed to the accident, and that for this reason plaintiffs could not have a finding in their favor. This is all that the court did decide, and we are very clear that the evidence warranted such a finding. Assuming, but by no means deciding, that the evidence warranted a finding that the trolley car was negligently operated, manifestly the driver of the truck miscalculated the space which would be taken up by the overhang of the trolley car when it turned the corner, or was passing the truck. He knew that street cars were likely to pass, and if he parked his car too close to the street car track under the mistaken impression that there was room for the cars to clear it, he was guilty of contributory negligence in law, as well as in fact. It is definitely settled that in such circumstances there can be no recovery: Patton v. P. R. T. Co., 132 Pa. 76; Hause v. Lehigh Valley Transit Co., 38 Pa. Superior Ct. 614; and Rothweiler v. P. R. T. Co., 93 Pa. Superior Ct.

369. See also the recent opinion by our Brother LINN to the same effect in Reidel & Fishell v. P. R. T. Co., 103 Pa. Superior Ct. 387.

The judgment is affirmed.