## Pollock, Appellant, v. Philadelphia Rapid Transit Company.

Argued November 21, 1939. 

Before KELLER, P. J., CUNNINGHAM, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Maurice A. Granatoor,* for appellant.

*S. Regen Ginsburg,* with him *Bernard J. O'Connell,* for appellee.

Opinion by Hirt, J., March 2, 1940:

In the early afternoon of March 23, 1937 plaintiff was driving his automobile southwardly on Fifth Street in the City of Philadelphia, along the southbound track of the defendant street railway company. The cartway for vehicles between the west curb and the nearest rail of the track was 17 feet wide. Plaintiff passed a southbound street car about "the length of a car or about a quarter of a square" before he entered the intersection at Roosevelt Boulevard. This boulevard intersects Fifth Street at right angles and is 240 feet wide from curb to curb with three lanes for vehicular traffic separated by grass plots. As plaintiff entered the intersection, the traffic light was in his favor but while crossing the middle lane of the boulevard the light changed from green to amber. He then applied his brakes and came to a stop opposite the grass plot and near the north line of the southern-most traffic lane of the boulevard. Plaintiff testified that when his automobile did come to a stop, it was "two or three inches from the tracks." Defendant's street car followed the automobile into the intersection but plaintiff gave no signal to the motorman of his intention to stop on or near the tracks in front of the moving street car. The street car did not stop until after it had "sideswiped" the standing automobile damaging it and injuring plaintiff. Plaintiff testified that he did not give any attention to the movement of the street car after he had passed it and that he was struck about "one-half minute" after he came to a stop. The court below entered judgment for the defendant notwithstanding the verdict in favor of the plaintiff; this appeal questions the propriety of that order.

Even the most favorable inference from the testimony cannot place the whole of plaintiff's automobile within

three inches of the street car track when it came to a stop. Against plaintiff's testimony to that effect, there is the uncontroverted physical fact that the rear of his automobile was not struck by the street car. The automobile was "sideswiped" and all of the damage was on the left side forward of the left rear wheel. We cannot accept as true those statements of plaintiff which indisputable evidence demonstrates to be false: *Kennedy v. S. Pa. Traction Co.*, 333 Pa. 406, 3 A. 2d 395. Plaintiff testified that after he passed the street car he did not change the course of his automobile. But even though we assume from that testimony that he believed he had stopped at a place where he would not be struck by the overhanging body of the street car, he is still chargeable with contributory negligence. If he mistakenly believed that the position of the automobile would not interfere with the free movement of the street car, he cannot rely on his miscalculation of the margin of safety to relieve him from the implication of negligence and at the same time charge the defendant with negligence because of the error in judgment of the motorman in believing that there was room for the street car to pass. The duty imposed on the motorman in that respect was no higher than that of the driver of the automobile. On that theory of the case if either was negligent, both are equally chargeable with negligence: *Hause v. Lehigh Val. Transit Co.* 38 Pa. Superior Ct. 614; *Patton v. Phila. Traction Co.*, 132 Pa. 76, 20 A. 682; *Maddock & Maddock v. P. R. T. Co.*, 103 Pa. Superior Ct. 406, 157 A. 629; *Reidel & Fishel v. P. R. T. Co.*, 103 Pa. Superior Ct. 387, 157 A. 36.

But conceding that plaintiff cannot recover on the ground of excusable mistake of judgment, it is contended that since plaintiff was stopped by a change in traffic lights, he was within his legal rights in bringing his automobile to a stop on or near the defendant's tracks notwithstanding the fact "that the trolley car was from

fifty to seventy-five feet behind him and moving rapidly," bearing down upon him. It is clear that this position is not tenable. The superior rights of a street car company do not prohibit the use of its tracks so as to close them to vehicular traffic but when one stops his automobile on the tracks of a street railway without a compelling reason beyond his control, and is almost immediately struck by a street car approaching from the rear, he is chargeable with contributory negligence as a matter of law and cannot recover: *Brown v. Beaver Valley Traction Co.*, 94 Pa. Superior Ct. 7. Where one voluntarily puts himself in a position of danger and injury results there can be no recovery: *Rothweiler v. P. R. T. Co.*, 93 Pa. Superior Ct. 369; *Sipko v. Penna. Railway Co.*, 332 Pa. 106, 2 A. 2d 717. "One who, knowing that a street car is approaching, voluntarily leaves his vehicle on the track when there is no reason, mechanical or otherwise, requiring him to do so, is guilty of contributory negligence as a matter of law": *Rothberg v. Phila. R. T. Co.*, 97 Pa. Superior Ct. 447.

There were no other vehicles in the intersection. The southbound cartway at this point was seventeen feet wide; the cartway was unobstructed and there was nothing to prevent the plaintiff from bringing his automobile to a stop to the west of defendant's right of way at a place where it would not interfere with the free movement of the street car. Plaintiff voluntarily and needlessly assumed a position of peril which would have been obvious to him and could have been avoided if he had given attention to the street car behind him: *Richards v. Reading Co.*, 333 Pa. 513, 5 A. 2d 542. By so doing he is charged with contributory negligence barring recovery.

Judgment affirmed.