## Jacobs, Appellant, *v.* Pittsburgh Railways Company.

Submitted May 14, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*John J. McGrath* and *Paul L. Friedman,* for appellant.

*Alan D. Riester* and *J. R. McNary,* for appellee.

PER CURIAM, May 25, 1942:

The appeal, which was submitted without oral argument, is from the refusal to take off a non-suit entered on the ground of plaintiff's contributory negligence. At about 8.50 P. M., October 20, 1937, plaintiff, accompanied by his wife and stepson, was in his car which was parked at the curb of Franklin Street, in Wilkinsburg. He started his car toward the middle of the street (it being

necessary to pass a car parked in front of his) but before reaching the street car track, his car stalled. It was then near the rail but not over it, and, apparently, on a diagonal line drawn from the curb to the street car track. Plaintiff at one point in the trial testified: "The car was in a safe position," at another, that there was insufficient clearance between the car and the track. It remained there, as he says, "three or four minutes." A heavy rain restricted visibility to from 30 to 40 feet. Instead of going back or sending his stepson back to warn possibly approaching street car traffic of the position of his car, he tried to start it, at the same time sending his stepson to a garage for assistance. Defendant's street car came along from plaintiff's rear, damaged his car, for which no claim is made, and injured him, for which damages are claimed. He knew the weather conditions; realized, or should have realized the dangerous position of his car; neglected to take the precautions, such as warning the street car traffic, which a prudent man in such circumstances would have taken, and may therefore not recover. Compare *Coleman v. Pittsburgh, etc., Co.,* 251 Pa. 498, 96 A. 1051; *Pollock v. P. R. T. Co.,* 139 Pa. Superior Ct. 256, 11 A.2d 665.

The cases relied on by appellant are readily distinguishable. In *Mead v. Central Pa. Traction Co.,* 63 Pa. Superior Ct. 76, plaintiff's car stalled in the middle of defendant's tracks, in full sight of the approaching street car, whose motorman had an unobstructed view for 250 feet. In *McPherson v. Phila. Rapid Transit Co.,* 85 Pa. Superior Ct. 275, plaintiff was driving on the car tracks in a well lighted street when his car stopped. A street car stopped 75 feet from him; the motorman had a clear view of the plaintiff, but started the trolley despite warnings from pedestrians not to proceed and ran into plaintiff. In *Estep v. Beaver Valley Traction Co.,* 278 Pa. 414, 123 A. 323, plaintiff's truck stopped on the car tracks under an electric street light and with its illuminated tail light visible a distance of 100 to 150 feet. In these cases the plaintiffs, attempting to extricate themselves,

acted in circumstances from which juries would be justified in finding and the plaintiffs were justified in assuming that the danger was apparent and that all approaching traffic should have been regarded as stopped. On the present record, the weather conditions resulting in poor visibility, considered with the uncertainty of the distance between plaintiff and the car tracks, of all of which he was bound to take cognizance, required him to act; he could not assume, without taking the risk, that a motorman would ascertain from plaintiff's position that all traffic must be regarded as stopped until plaintiff's car could be moved.

Judgment affirmed.