## Hinton *v.* Pittsburgh Railways Company, Appellant.

Argued April 17, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Con F. McGregor,* with him *J. R. McNary,* for appellant.

*Nathan M. Katz,* for appellee.

OPINION BY ROSS, J., July 17, 1947:

This is an action in trespass arising out of a collision between an automobile owned and operated by the plaintiff and a street car of the defendant. The jury

returned a verdict for the plaintiff and after defendant's motion for judgment n. o. v. was refused, this appeal was taken.

The collision occurred on Neville Road, Neville Island, Allegheny County, on June 23, 1944, about 5:40 a.m. Neville Road is a concrete highway 48 feet wide with a concrete curb four inches high in the center dividing the north and the southbound traffic. On each side of the concrete highway there is a slag-surfaced strip approximately five feet wide on which there are single street car tracks of the defendant, on one side for southbound and on the other side for northbound street cars. For some time before the collision, the plaintiff, traveling southwardly, had been driving with the two right wheels of his automobile between the two southbound street car rails and the left wheels on the concrete highway, his reason being that ". . . it had been raining . . . and I straddled the street car line in order to see the road". While traveling in this manner, at a speed of about 35 miles an hour, his motor stalled and he "drifted" for some distance trying to get it started but made no effort to drive his vehicle off the street car tracks onto the concrete highway. The plaintiff got out of his automobile, looked under the hood, got back into the car and was looking under the dashboard when the automobile, within three or four minutes after it had come to a stop, was struck from the rear by defendant's southbound trolley, causing damage to the automobile and injury to the plaintiff.

The jury by its verdict found the plaintiff was free from contributory negligence. *Kulka v. Nemirovsky,* 314 Pa. 134, 170 A. 261; *Weismiller v. Farrell,* 153 Pa. Superior Ct. 366, 34 A. 2d 45. Contributory negligence will be judically declared only where it is so clear that reasonable minds cannot differ as to its existence. *Altomari v. Kruger,* 325 Pa. 235, 188, A. 828; *Cox v. Scarazzo,* 353 Pa. 15, 44 A. 2d 294; *Stewart v. Pittsburgh,* 157 Pa. Superior Ct. 347, 43 A. 2d 393. The question before us is whether the plaintiff in this case was guilty of con-

tributory negligence as a matter of law and viewing the evidence in the light most favorable to him and giving him the benefit of every fact and inference of fact as we are required to do, it is our opinion that he was contributorily negligent and is barred from recovery in this action.

According to his own testimony, the plaintiff was familiar with the place of the accident and that "street cars traveled on there going to the city of Pittsburgh" which was the direction in which he and the defendant's street car were traveling. Yet he chose to drive on the street car track rather than on the concrete highway. He testified: "Q. Was there much traffic on the road at the time? A. No, there wasn't. Q. Then you had this 48 feet of concrete highway? A. Yes. Q. And yet you were driving with just two wheels on it and two wheels over on the cartway? A. Because it had been raining and I followed the car line to direct me on the road. It was raining hard", but he also testified "It stopped raining before the car stalled".

The defendant had a superior right over the slag-surfaced portion occupied by its tracks and the plaintiff was bound to drive in a place—which was clearly available—that would be safe as respects defendant's trolley cars. Instead of doing that, he voluntarily put himself in a position of danger and for the damages resulting therefrom, there can be no recovery. *Rothweiler v. P. R. T. Co.*, 93 Pa. Superior Ct. 369; *Sipko v. Penna. R. R. Co.*, 332 Pa. 106, 2 A. 2d 717; *Pollock v. P. R. T. Co.*, 139 Pa. Superior Ct. 256, 11 A. 2d 665.

The learned court below, citing in support of its position *Mead v. Central Pa. Traction Co.*, 63 Pa. Superior Ct. 76, *McPherson v. P. R. T. Co.*, 85 Pa. Superior Ct. 275, and *Estep v. Beaver Valley Traction Co.*, 278 Pa. 414, 123 A. 323, held that the question of the plaintiff's negligence was for the jury, stating, ". . . the automobile of the plaintiff became stalled on the tracks by circumstances *beyond the plaintiff's control* . . . The plaintiff attempted to get the car started and while he

was so engaged, the defendant's street car struck his automobile . . . where, as in the instant case, a person is stopped on the street car tracks by circumstances *beyond his control* . . . he is not guilty of contributory negligence as a matter of law, because he remains in the automobile in an attempt to get it started." (Italics supplied.)

In the *Mead* case, the plaintiff was driving *across* street car tracks at one of the main intersections in the city of Philadelphia. The motor stalled when the automobile was on the tracks and the automobile *stopped* at that point. In the *McPherson* case, the plaintiff, on a city street, was compelled to use the street railway track because of vehicles parked on both sides of it and before he could turn out again his engine stalled. In holding that the question of the plaintiff's negligence was for the jury, Judge KELLER stated, at page 277, "This was not the case . . . of a driver negligently remaining, on such track, although he could have turned safely to one side . . .". In the *Estep* case, the plaintiff was a helper on a five-ton automobile truck which came to a stop on a public highway, owing to the stoppage of traffic ahead, caused by a collision of another vehicle and a street car.

These cases are clearly distinguishable from the one before us. In all of them, the plaintiff was on the tracks of necessity; in this case, the plaintiff drove on the track for his own convenience. Furthermore, after his motor stalled, he continued to drive on the railway track. Traveling at his testified speed of 35 miles an hour, the momentum of his car would carry it some distance on a level highway as the testimony shows this to be. He testified: "Q. Did the car stop immediately or just drift along as your motor stopped? A. It just drifted on. I pushed on the gas and she wouldn't go." All he had to do to get the car out of its place of danger was to steer it a few feet to the left onto the concrete highway and yet he did nothing except "push on the gas". He testified: "Q. If you were going 35 miles an

hour when the motor gave out and the car drifted along some distance before it stopped, couldn't you have pulled out of the car tracks at that time? A. I wasn't thinking about it at the time." This *is* a case "of a driver negligently remaining on such track, although he could have turned safely to one side".

In the *Mead* case, plaintiff's car stopped in the middle of defendant's tracks in full sight of the approaching street car, whose motorman had an unobstructed view for 250 feet. In the *McPherson* case, the plaintiff was traveling on the car tracks on a well-lighted street when his car stopped. A street car stopped 75 feet from him; the motorman had a clear view of the plaintiff but started the trolley despite warnings from pedestrians not to proceed and ran into the plaintiff. In the *Estep* case, the plaintiff's truck stopped on the car tracks under an electric street light and with its illuminated tail light visible 100 to 150 feet. The plaintiffs in those cases had a right to assume, within reasonable limits, that the street cars would not run them down; they had no reason for apprehensions and, while that did not excuse them from taking care, it did decrease the degree of care the law imposed upon them to escape the imputation of negligence. *Murphy v. Bernheim & Sons, Inc.,* 327 Pa. 285, 194 A. 194. In this case, it "was breaking dawn" and had been "raining hard" and certainly under the circumstances a prudent person would be on the alert for possible danger. Instead, the plaintiff, even after his car came to a stop, did nothing to protect himself but when struck was inside the car "with my head down under the dashboard".

It is clear that the plaintiff in this case was negligent and that his negligence contributed to the accident. Cf. *Coleman v. Pittsburgh, etc., Co.,* 251 Pa. 498, 96 A. 1051; *Pollock v. P. R. T. Co.,* supra, 139 Pa. Superior Ct. 256, 11 A. 2d 665; *Jacobs v. Pittsburgh Railways Co.,* 344 Pa. Pa. 651, 26 A. 2d 442.

The judgment of the court below is reversed, and judgment entered for the defendant non obstante veredicto.