# Rothrock *v.* Lehigh Valley Transit Company, Appellant.

*Negligence—Street railways—Automobiles — Right-angle collision—Excessive speed of street car—Failure to sound warning—Contributory negligence—Case for jury.*

In an action by the driver of an automobile against a street railway company to recover damages for personal injuries sustained by plaintiff in a right-angle collision with a street car at the intersection of two streets, the case was for the jury and a verdict and judgment for plaintiff will be sustained where it appeared that the trolley car approached the intersection at a speed of from 35 to 45 miles per hour, without giving warning of its approach; that plaintiff drove toward the tracks at a very slow speed; that he had a view along the track for 190 feet in the direction from which the car came, looked and saw nothing coming; and that when his automobile was so close to the track that he could not stop, he saw the car for the first time approaching at a great speed.

Argued Feb. 4, 1918. Appeal, No. 277, Jan. T., 1917, by defendant, from judgment of C. P. Lehigh Co., Jan. T., 1916, No. 42, on verdict for plaintiff in case of Clinton O. Rothrock v. Lehigh Valley Transit Company. Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

464 ROTHROCK *v.* LEHIGH VAL. T. CO., Appellant.

Trespass to recover damage for personal injuries. Before GROMAN, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $2,000 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was in refusing defendant's motion for judgment n. o. v.

*Claude T. Reno,* of *Dewalt & Reno,* for appellant.

*Fred B. Gernerd,* for appellee.

PER CURIAM, March 4, 1918:

The injuries for which the plaintiff seeks compensation in this action were sustained in a collision at a public road crossing. He was riding in an automobile when, according to the testimony, a car of the defendant company approached the crossing at a speed of from thirty-five to forty miles an hour, without giving any warning of its approach. The plaintiff testified that he approached the trolley track at very low speed; that he had a view along the track for one hundred and eighty or one hundred and ninety feet in the direction from which the car came; that he looked in that direction and neither saw nor heard it coming; that when his automobile was close to the track he saw the car for the first time coming towards him, at great speed, and it was impossible for him to stop his automobile before getting upon the track. The testimony clearly called for a submission of the case to the jury on the questions of the defendant's negligence and the contributory negligence of the plaintiff.

Judgment affirmed.