# Cohen et al. *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Collision between trolley car and truck—Contributory Negligence—Case for jury.*

In an action of trespass to recover damages resulting from a collision between plaintiff's truck and defendant's street car, the

Syllabus—Opinion of the Court.    [87 Pa. Superior Ct.

case was for the jury and judgment for the plaintiff will be sustained, where there was evidence that the driver of the truck, just before starting to cross the tracks of the defendant company, looked and saw defendant's trolley car 200 feet away; that another of plaintiff's employees, who was stationed between the rails signalled the trolley car to slow down; and that the motorman of the trolley, not looking ahead, did not see the truck nor the man on the tracks.

Argued October 15, 1925.  Appeal No. 153, October T., 1925, by defendant, from judgment of M. C. Philadelphia County, April T., 1924, No. 887, in the case of Leon Cohen, trading as the United Extract Company, v. Philadelphia Rapid Transit Company.  Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Trespass to recover for damages to an automobile. Before RENSHAW, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $233.55 and judgment thereon.  Defendant appealed.

*Error assigned,* among others, was the refusal of defendant's motion for judgment n. o. v.

*J. J. Tunney,* for appellant.

*Samuel Melnick,* for appellee.

OPINION BY TREXLER, J., February 26, 1926:

There is some variation in the narrations of the two witnesses who were called by the plaintiff, and who saw the accident, but reading the testimony in the light most favorable for the plaintiff, we have the following facts:  The plaintiff's truck was standing on the side of a narrow street, directly opposite the plaintiff's factory.  The driver of the truck blew a

whistle, which called out of the factory a fellow-workman, whose duty it was to guide the truck into the factory. As the latter come out of the factory, he saw a trolley car about 200 feet away, and about the time he was in the middle of the tracks the trolley car was about 150 feet distant. He put out one hand to guide the driver of the truck and the other hand he extended toward the trolley car. The driver started to cross the track, his front wheel having gone over the first rail, when he was struck by the trolley car and dragged for a distance of 6 or 7 feet. Before the driver started the truck he left the right hand side of the truck, where the steering wheel was, went to the left, looked and saw the car coming 200 feet away. The motorman on the trolley was not looking ahead, but was talking to someone in the car and came on without slackening his speed, not seeing the truck, nor the man on the tracks who had his hand up. When the man on the tracks, who was guiding the truck, saw that the motorman was not looking, he jumped off the tracks and cried, "Whoa, the trolley car is coming," but the driver had not time to get off the track. The contention of the defendant is that the plaintiff's driver was guilty of contributory negligence. It seems that the jury could well find that the truck driver took all the necessary precautions in the attempt to cross the street to enter his employer's factory. He moved from the right side of his truck, where the steering wheel was, to the left side to see if there were any trolley cars coming. At that time the trolley car was 200 feet away. He had taken the added precaution of having another employee stationed between the rails, so as to signal the trolley car to slow down. We can not say that his attempt to cross the track when the trolley car was away that distance was negligence. The fact that the trolley car was in sight when he started to cross, is not con-

clusive evidence of negligence. The criterion is: if under the circumstances, he was right in inferring that he had reasonably ample time to cross if the trolley car was running at its usual rate of speed. Rothrock v. L. V. Transit Co., 260 Pa. 463. One of the important facts was that the man was stationed on the tracks. The street railway's right to use the part of the street occupied by its track was not exclusive. The truck driver, in crossing the tracks, in order to get across to his employer's property, was doing what he had a right to do if he exercised reasonable care. If in the unloading of merchandise, complete obstruction of a track is permissible if proper care be exercised, certainly the slow passing, with like care, of a vehicle across the tracks between crossings, in order to gain access to a building comes under the same rule. We quote from McFarland v. Consolidated Traction Co., 204 Pa. 423. "The plaintiff had a right to assume that the motorman would be on the lookout for objects in front of him, as it was his duty to do, and have his car under proper control so that he could stop it or prevent a collision with a person or an object properly in use of the track." We think the jury may well have come to the conclusion in this case that the driver of the truck used the care that an ordinarily prudent man would use under the circumstances.

The assignments of error are overruled and the judgment is affirmed.