Harold Furniture Co. *v.* P. R. T. Co., Appellant.

Argued October 15, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*S. Regen Ginsburg,* for appellant.

**318**

*Sylvan H. Hirsch,* of *Sundheim, Folz and Sundheim,* for appellee.

OPINION BY KELLER, J., December 12, 1930:

In considering this appeal we are obliged to view the evidence in the light most favorable to the plaintiff.

Plaintiff's furniture truck, twenty-two feet long, was standing about noon time, on a clear, sunny day, in Ranstead Street near Eighth Street in the rear of its store, facing east. Ranstead Street is a narrow street or alley with a width between curbs of seven feet. Eighth Street is twenty-six feet wide between curbs with a single southbound trolley track in the middle of the street. The sidewalks on Eighth Street are twelve feet wide, with ten feet four and three-quarter inches between the east curb of Eighth Street and the east rail of defendant's track. Ranstead alley, east of plaintiff's truck, was blocked, and in order to get out and go southward on Eighth Street the truck had to be backed out and across defendant's track sufficiently to enable it to be turned south. The truck had to be backed slowly in order to be careful of pedestrians on Eighth Street, and a helper (Hughes) was ordered to go ahead and direct the driver as to the street car, and warn vehicular traffic on Eighth Street.

When the rear of the truck came to the east sidewalk of Eighth Street and the vehicular traffic was sufficiently clear, the driver and helper looked and saw a street car crossing Market Street about 350 feet away and thinking there was ample time to make the turn, the driver started to back the truck while the helper went forward to the street car track to aid in directing the movement.

When the rear wheels of the truck were at the east rail of the defendant's track, with the body of the truck extending over the track, the trolley car was

near Ludlow Street,—halfway between Market Street and Ranstead Street, one witness said, or approximately 158 feet,—and before plaintiff's driver could complete the turn and clear the track, the trolley ran into the truck notwithstanding it was visibly on the track, with nothing to obscure the view of the motorman in the trolley car, and the helper was in the middle of the track signalling the trolley to stop, until forced to jump aside.

It was for the jury to say, in the circumstances, whether a reasonably prudent driver was justified in believing that he could back across defendant's track —which was less than 23 feet distant from the Eight Street house line—, and clear the track by making the turn south, while defendant's car was travelling about 350 feet, and if they concluded he could, plaintiff was entitled to a verdict. If by reason of traffic or other conditions the turning was delayed somewhat, the defendant was no more justified in running the truck down than it would have been if defendant had necessarily been on the track unloading something and had been delayed until a trolley car came along. See McFarland v. Traction Co., 204 Pa. 423; Struse v. Phila. R. T. Co., 87 Pa. Superior Ct. 46. In Cohen v. Phila. R. T. Co., 87 Pa. Superior Ct. 273, where the circumstances were somewhat similar, we said, speaking through our Brother TREXLER, now President Judge: "The fact that the trolley car was in sight, [200 feet away] when he started to cross, is not conclusive evidence of negligence. The criterion is: if under the circumstances, he was right in inferring that he had reasonably ample time to cross if the trolley car was running at its usual rate of speed ...... One of the important facts was that the man was stationed on the tracks. The street railway's right to use the part of the street occupied by its track was not exclusive. The truck driver, in crossing the tracks, in order to get

across to his employer's property, was doing what he had a right to do if he exercised reasonable care. If in the unloading of merchandise, complete obstruction of a track is permissible if proper care be exercised, certainly the slow passing, with like care, of a vehicle across the tracks between crossings, in order to gain access to a building comes under the same rule." The evidence in the present case showed extra caution on the part of the plaintiff, for it did not rely solely on the care and watchfulness of the driver but also furnished a helper to look out for travel and assist in the safe and quick turning movement of the truck.

The judgment is affirmed.