Dominica Iaquinta *v.* Citizens' Traction Co., Appellant.

*Negligence—Street railways—Infants—Contributory negligence.*

In an action to recover damages for the death of a boy between twelve and thirteen years of age, plaintiff's testimony tended to show that the boy jumped across a ditch which was along side of defendant's track, and stood in a space between the track and ditch, which was estimated to be about two and one half feet wide, and while looking down into the ditch was struck by a car which was run at an unusually high rate of speed without any bell being rung. The evidence for defendant tended to show that the boy ran parallel with the car for a short distance on the pavement, then jumped

the ditch and ran in front of the car and was immediately run over. There was also evidence that the car bell was sounded either constantly or at short intervals. *Held,* that the case was for the jury.

Argued Nov. 9, 1894. Appeal, No. 297, Oct. T., 1894, by defendant, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1893, No. 299, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for death of plaintiff's son. Before McCLUNG, J.

At the trial, it appeared that plaintiff's son, Louis, a boy between twelve and thirteen years of age, was killed by one of plaintiff's cars on May 31, 1893. The evidence for plaintiff tended to show that at the time of the accident defendant operated a double line of electric railway on Frankstown avenue; and that workmen were laying a gas pipe on the side of the avenue between Torrens street and Findlay street. A ditch had been opened between the curb and track. The ditch itself was about two feet wide, and the space between the ditch and the first rail of the track was about two and one half feet wide. Plaintiff's son, according to plaintiff's proofs, jumped over the ditch, and while standing in the space between the ditch and track and looking down into the ditch, was struck by a car running at an unusually high rate of speed without any bell being rung.

Defendant offered testimony which tended to show that the boy ran on the pavement for some distance parallel to the track and then jumped the ditch and ran in front of the car and was immediately run over. The evidence for defendant also tended to show that the motorman was running his car at the usual rate of speed, and that he sounded his gong repeatedly as he approached Torrens street. The accident occurred apparently just beyond the crossing of Torrens street.

Defendant's request for binding instruction was refused.

Verdict and judgment for plaintiff for $500.

*Error assigned* was above instruction, quoting it.

*George C. Wilson, Wm. D. Evans* with him, for appellant.— If, instead of a boy, the person injured had been an adult and

the injuries had been sustained under the circumstances given by plaintiff's witnesses as the story of this occurrence, no recovery could have been had : Buzby v. Traction Co., 126 Pa. 562 ; Thomas v. Ry., 132 Pa. 504 ; Carson v. Ry., 147 Pa. 224 ; Ehrisman v. Ry., 150 Pa. 180 ; Winter v. Ry., 153 Pa. 26.

The boy was of sufficient age to be guilty of contributory negligence : Masser v. R. R., 68 Iowa, 602 ; Messenger v. Dennie, 141 Mass. 335 ; Ecliff v. R. R., 64 Mich. 196 ; Ludwig v. Pillsbury, 35 Minn. 256 ; Twist v. R. R., 4 Ry. & Corp. 516 ; Achtenhagen v. Watertown, 18 Wis. 331 ; Brown v. Ry., 58 Me. 384 ; Wendell v. R. R., 91 N. Y. 420 ; Honor v. Albrighton, 93 Pa. 475 ; Moore v. R. R., 99 Pa. 301 ; Miller v. R. R., 6 Cent. R. 607. ; Fisher v. Ferry Co., 124 Pa. 154.

Plaintiff's case does not gather any strength from the testimony tending to show that the deceased jumped over the ditch and stood for a minute or a minute and a half on or dangerously near the track. The presumption is such persons will step off the track : Moore v. R. R., 108 Pa. 349 ; R. R. v. Adams, 89 Pa. 31.

Though an infant of tender years may recover for an injury partly caused by his own imprudent act, the father cannot : Glassey v. Ry., 57 Pa. 172 ; Pa. Co. v. James, 81 Pa. 194 ; Smith v. Ry., 92 Pa. 450 ; Ry. v. Pearson, 72 Pa. 169 ; R. R. v. Long, 75 Pa. 257.

Parents who permit their children to trespass upon a railroad track are guilty of contributory negligence, and the fact that the trespass is without the knowledge of the parents is immaterial : Cauley v. Ry., 95 Pa. 398.

*A. B. Reid, A. V. D. Watterson* with him, for appellee.—The boy was too young to be guilty of contributory negligence : Ry. v. Gallagher, 108 Pa. 528 ; Nagle v. R. R., 88 Pa. 35 ; Ry. v. Steinhart, 2 Penny. 358 ; Smith v. Ry., 92 Pa. 453 ; Taylor v. Canal Co., 113 Pa. 162 ; Strawbridge v. Bradford, 128 Pa. 200 ; Kehler v. Schwenk, 144 Pa. 348.

Between the ages of seven or eight and fourteen, it is for the jury, not the court, to say whether the child was guilty of contributory negligence in a given case : Ry. v. Hassard, 75 Pa. 367 ; R. R. v. Kelley, 31 Pa. 372 ; Crissey v. Ry., 75 Pa. 83 ; R. R. v. Lewis, 79 Pa. 33 ; Biddle v. Ry., 133 Pa. 000 ; Red-

field on Negligence, 72; Vannatta v. R. R., 154 Pa. 262; R. R. v. Spearen, 47 Pa. 300.

OPINION BY MR. CHIEF JUSTICE STERRETT, Jan. 7, 1895:

Refusal of the court to direct a verdict for defendant, and thus withdraw the case from the jury, is the only error assigned. In view of the conflicting testimony, bearing on the questions of defendant's negligence and the alleged contributory negligence of the deceased boy, this could not have been done without manifest usurpation of authority and invasion of the province of the jury. If the testimony relied on by the plaintiff was believed, there could be no doubt as to the gross negligence of the defendant, in recklessly running its car at a dangerously high rate of speed without exercising any of the precautions necessary to warn the deceased and others on the public street of the danger to which they were exposed. On the other hand, the testimony on which defendant relied as tending to prove contributory negligence was of such a conflicting character that it had to be submitted to the jury for their consideration. In any view that can possibly be taken of the case, it involved questions of fact which were exclusively for the determination of the jury; and to them they were fairly submitted in a clear and able charge, distinctly presenting all the issues of fact, and the law applicable thereto, in such a way that no complaint is made by either party.

Further elaboration is unnecessary. The case was well tried, and there is no error apparent on the record.

Judgment affirmed.