$$\frac{204 \qquad 423}{23\ SC\ ^1395}$$

# McFarland *v.* Consolidated Traction Company, Appellant.

*Negligence—Street railways—Collision with wagon—Unloading wagon.*

A street car company has not the exclusive right to the use of a street on which it operates its road, nor has it such right to its own tracks. The streets of the municipalities of the state are for the use of the traveling public, and the right of the street railway company to use them is in common with the public. The street railway company and the public are alike liable for the negligent use of the street; each must exercise its rights thereon with care and a due regard for the rights of the other. While for reasons which are apparent, a street car company must have a superior right to use its tracks in the operation of its road, yet this does not forbid their use by the public. but only requires that in their use the right of the public, under certain circumstances, shall be subordinate to that of the railway company. By placing himself or his horse and vehicle on the tracks of a street railway for any legitimate use of the street, the traveler does not become a trespasser, and will not become such unless he unreasonably and unnecessarily obstructs the company in the use of the tracks.

In an action against a street railway company for personal injuries, it appeared that plaintiff was injured while unloading a piano from a wagon. Before starting to unload, he waited for two street cars to pass, and then, when no other car was in sight, he backed his wagon against the curb with the horse standing on the tracks, and proceeded to unload the piano. It appeared that this was the universal manner, under the circumstances, of unloading pianos. He sent a man down the street to signal any car that might approach. A car came along at an unusual rate of speed, without giving any warning. The motorman had an unobstructed view of the horse and wagon for three or four squares, and although given a notice to stop, which he heard, continued his course, and struck the horse and wagon, injuring the plaintiff. *Held,* that the case was for the jury, and that a judgment and verdict for plaintiff should be sustained.

Argued Oct. 28, 1902. Appeal, No. 71, Oct. T., 1902, by defendant, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1900, No. 223, on verdict for plaintiff in case of W. T. McFarland v. Consolidated Traction Company. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before McCLUNG, J.

Verdict and judgment for plaintiff for $2,500. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*James C. Gray,* with him *Clarence Burleigh,* for appellant, cited : Winter v. Federal Street & Pleasant Valley Pass. Ry. Co., 153 Pa. 26 ; Gilmore v. Federal Street & Pleasant Valley Pass. Ry. Co., 153 Pa. 31 ; Gilmartin v. Lackawanna Valley Rapid Transit Co., 186 Pa. 193.

*L. K. Porter,* with him *S. G. Porter,* for appellee, cited : Ehrisman v. East Harrisburg City Pass. Ry. Co., 150 Pa. 180 ; Thatcher v. Central Co., 166 Pa. 66.

OPINION BY MR. JUSTICE MESTREZAT, January 5, 1903 :

This is an action to recover damages for personal injuries which the plaintiff alleges he sustained by reason of the negli-

gence of the defendant company.   On the evening of March 29, 1900, the plaintiff was engaged with a one-horse transfer wagon in removing a piano, weighing about 1,200 pounds, to the residence of Mrs. Eschallier, 157 Larimer avenue, East End, Pittsburg.   He drove to the avenue, in the vicinity of the place he was to deliver the piano, and having waited for two street cars to pass, he backed the wagon against the curb, its rear standing at right angles with and against the curb, with the horse standing diagonally across the street car track with its head in the direction of Everett street.   With the assistance of three other men the plaintiff began to remove the piano from the wagon, and when it was "half way off," a car of the defendant company coming from the east on an ascending grade struck the horse and shaft and caused the wagon to move, throwing the piano on the plaintiff and severely injuring him.   Larimer avenue is twenty-five feet between curbs, and there is an ascending grade from Everett street to the place of the collision, a distance of about 120 feet.   There is a single car track on the avenue, nine feet ten inches from the curb, on which the defendant company runs its cars in a westerly direction.

On the trial of the cause in the court below the learned judge, in a charge clear and adequate, submitted the question of the defendant's and plaintiff's negligence to the jury.   The verdict was in favor of the plaintiff and from the judgment entered thereon the defendant has taken this appeal.   The principal and important error assigned is that the court erred in not affirming the defendant's point, "that under all the evidence the verdict should be for the defendant."

If the testimony of the plaintiff was worthy of credence, the jury was justified in finding that the defendant's motorman was guilty of negligence, which occasioned the plaintiff's injuries.   At the time of the accident it was light and he had an unobstructed view of the horse and wagon for three or four squares.   When the car was approaching the place of collision and distant therefrom at least 110 feet, the motorman who could, and presumably did, see the horse on the track, disregarded a notice to stop which he heard, although, according to his own testimony, he could have stopped his car within thirty feet.   At the time of the accident the car was running at twice its usual or ordinary speed and no warning

of its approach was given.  We agree with the learned trial
judge that if these were the facts " there would be little diffi-
culty in determining that this was the grossest kind of negli-
gence."  The verdict of the jury has established the facts as
presented by the plaintiff.

In their printed brief of argument, the learned counsel for
the defendant attempted to show that the plaintiff's witnesses
were not credible and that his testimouy was unworthy of be-
lief.  We must remind them of what they well know that their
argument should have been, and doubtless was, presented in
another forum, and that the verdict of the jury, whose province
it was, has settled the question against their contention.

It is argued very strenuously that the plaintiff was clearly
guilty of contributory negligence, and hence the learned trial
judge should have directed a verdict for the defendant company.
The determination of this question requires a brief reference to
the material facts as found by the jury.  After the plaintiff ar-
rived in the avenue near the Eschallier residence and before he
began to discharge his load, he waited until two cars had passed
and no other car was in sight.  He looked and could see " as far
as the eye would carry " in the direction in which a car must
come, and in order to protect his horse and wagon from a pos-
sible collision he sent a man in that direction to signal any car
that might approach.  Having taken these precautions, and
knowing that the motorman if running his car at the usual
speed could see the horse and stop without danger of a collision,
the plaintiff placed the rear of his wagon against and at right
angles with the curb, the horse necessarily on the car track and
standing diagonally across it.  The piano, the object to be re-
moved from the wagon, was heavy, and it was dangerous to
undertake to remove it by lifting it over the side of the wagon
while it was standing parallel with the curb.  It was the uni-
versal custom under these circumstances to unload pianos from
the rear of the wagon as it stood against the curb.

These facts did not warrant the court in declaring the plain-
tiff guilty of negligence and directing a verdict for the defend-
ant company.  On the contrary, they fully justified the jury
in the conclusion that he had performed his duty and had ex-
ercised proper care under the circumstances.  The size of the
piano and safety in its removal required it to be unloaded

from the rear end of the wagon. The position of the wagon necessarily placed the horse on the car tracks. The plaintiff therefore, had the right to occupy the tracks while unloading the piano, provided he did so with no unnecessary delay and with proper precautions to prevent a collision with an approaching car. That he exercised care while occupying the track is apparent from all the facts, especially from the fact that he had the motorman signaled to stop at a point sufficiently distant to stop the car in time to avoid the accident. Had the motorman heeded the signal thus given him, the collision would not have occurred. Nor was the plaintiff under the circumstances, regardless of notice to stop, required to anticipate that a car might strike his horse and hence to keep him clear of the track when discharging his load. It was yet light and the motorman had a clear, unobstructed view of the horse and wagon for at least three or four squares. The plaintiff had a right to assume that the motorman would be on the lookout for objects in front of him, as it was his duty to do, and have his car under proper control so that he could stop it to prevent a collision with a person or an object properly in use of the track. Under these circumstances, the plaintiff was justified in using the car tracks temporarily without incurring the charge of negligence. A contrary view of the right of the plaintiff would make him a trespasser and deny to the public a right which it indubitably possesses in common with a street railway company.

A street car company has not the exclusive right to the use of a street on which it operates its road; nor has it such right to its own tracks. The streets of the municipalities of the state are for the use of the traveling public and the right of the street railway company to use them is in common with the public. The street railway company and the public are alike liable for the negligent use of the street; each must exercise its rights thereon with care and a due regard for the rights of the other. While for reasons which are apparent, a street car company must have a superior right to use its tracks in the operation of its road, yet this does not forbid their use by the public but only requires that in their use the right of the public, under certain circumstances, shall be subordinate to that of the railway company. By placing himself or his horse and vehicle on the tracks of a street railway for any legitimate use of the

street, the traveler does not become a trespasser, and will not become such unless he unreasonably and unnecessarily obstructs the company in the use of the tracks. These principles are well settled and have been recognized in the decisions of this court, among them being the very recent case of Fenner v. Wilkes-Barre, etc., Traction Company, 202 Pa. 365.

The assignments of error are overruled and the judgment is affirmed.