# Barnes Brothers, Appellant, v. Pittsburg Railway Company.

*Negligence—Street railways—Collision between car and wagon.*

In an action against a street railway company to recover damages for the loss of a horse and wagon, it appeared that plaintiff's laundry wagon in charge of its driver, was standing on a street with one wheel close to the curb and the other a foot or more over or within the outside rail of defendant's track. The driver stopped his wagon in front of a house, descended from it and inquired at an open door for " laundry " which he was expected to collect, keeping his horse in sight and within sound of his voice. He received the reply that there was none and returned to his wagon, and just as he was about to mount it, saw a car rapidly approaching and, finding that he would not have time to get control of his horse and get out of the way of the car, drew back, when the wagon was immediately demolished and the horse killed. The car was on a descending grade but reached the bottom of the descent almost immediately after colliding with the wagon and commenced the ascent of a rising grade, the car not being stopped until it had gone 204 feet beyond the point at which the collision occurred. It was about six o'clock of a January evening. It was growing dark but the street was well lighted and the evening was clear. *Held*, that the case was for the jury, and that it was error to enter a compulsory nonsuit. Gilmore v. Federal Street, etc., Pass. Ry. Co., 153 Pa. 31, distinguished.

Submitted April 15, 1904. Appeal, No. 54, April T., 1904,

by plaintiff, from order of C. P. No. 1, Allegheny Co., March T., 1902, No. 383, refusing to take off nonsuit in case of Barnes Brothers Company v. Pittsburg Railway Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Trespass to recover damages for the loss of a horse and wagon. Before COLLIER, J.

The facts are stated in the opinion of the Superior Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Dunn & Moorhead*, for appellant, cited : Ehrisman v. Ry. Co., 150 Pa. 180 ; Penna. R. R. Co. v. Werner, 89 Pa. 59 ; Davidson v. Traction Co., 4 Pa. Superior Ct. 86 ; Kestner v. Traction Co., 158 Pa. 422 ; Jensen v. St. Ry. Co., 24 Pa. Superior Ct. 4.

*Burleihg & Gray*, for appellee, cited : Gilmore v. Ry. Co., 153 Pa. 31.

OPINION BY BEAVER, J., July 28, 1904 :

The plaintiffs' laundry wagon, in charge of its driver, was standing upon Hawkins avenue in the borough of Braddock, with one wheel close to the curb and the other a foot or more over or within the outside rail of defendant's track. The driver stopped his wagon in front of a house, descended from it and inquired at an open door for " laundry " which he was expecting to collect, keeping his horse in sight and within sound of his voice. He received the reply that there was none and returned to his wagon and just as he was about to mount it saw a car rapidly approaching and, finding that he would not have time to get control of his horse and get out the way of the car, drew back, when the wagon was immediately demolished and the horse killed. The car was on a descending grade but reached the bottom of the descent almost immediately after colliding with the wagon and commenced the ascent of a rising grade, the car not being stopped until it had gone 204 feet be-

yond the point at which the collision occurred. It was about six o'clock of a January evening. It was growing dark but the street was well lighted and the evening was clear. This is the plaintiff's testimony and is to be taken as verity, inasmuch as a compulsory nonsuit was granted, the refusal to take it off being the only assignment of error.

Could a jury be allowed to find the defendant guilty of negligence under the facts stated? Of this we think there is little doubt.

The court, however, evidently granted the nonsuit upon the theory that the driver of the wagon of the plaintiffs was guilty of contributory negligence and that, therefore, they were not entitled to recover.

The ruling of the court is evidently based upon the case of Gilmore v. Federal Street, etc., Pass. Ry. Co., 153 Pa. 31. The facts of that case, however, were materially different from those in the case which we are considering. In that case the driver left his horse and wagon standing unguarded upon the track in a narrow and unlighted alley upon a dark night. He entered a stable adjacent and remained there for a time. How long does not appear. The horse was, therefore, as is said in the opinion of the Supreme Court, unguarded and practically unattended. It does not appear that the driver of the wagon in that case was attending to any legitimate business.

In this case the wagon was where it had a right to be, the plaintiffs' driver was in the pursuit of a legitimate business; there was no other way in which his business could be transacted. It was necessary for him to alight to make inquiry for the laundry which he expected to receive. He was not out of sight or sound of his horse. He, therefore, had it in a measure and as fully as possible under the circumstances under his control. The street was well lighted, an arc light being about sixty-one feet from where the wagon stood in the direction of the approaching car. It was, therefore, in plain sight of the motorman and could have been seen for 600 feet. How could the driver have acted differently from what he did? There was no place on either side of the street where he could stand his wagon free of the tracks of the defendant and the width of the street was practically the same for a mile. If the plaintiffs' wagon had no right to be where it was when struck

by defendant's car, the use of the street for a legitimate business is practically denied them and the occupancy of the defendant of a narrow street with its double track is to be regarded as exclusive. This would be a practical denial of the right of the public to the use of the street.

We cannot think this was such a clear case of contributory negligence on the part of the driver as would justify the court in so ruling as a matter of law. The case in our opinion was one for the jury, under proper instructions as to what constituted negligence on the part of the defendant and what contributory negligence on the part of the plaintiffs.

The second specification of error that " the court erred in refusing plaintiffs' motion to take off the compulsory nonsuit" is, therefore, sustained. Judgment reversed and a new venire awarded.