## Struse v. Philadelphia Rapid Transit Co., Appellant.

*Negligence—Street railways—Motor trucks—Case for jury—Evidence—Expert evidence—Depreciation of value of truck.*

In an action against a street railway company for damages to a motor truck, it appeared that the driver had backed the truck across the tracks of the defendant company at an angle in order to conveniently deliver cement to the parties who had the contract for the paving of the street. Before he did so he waited about ten minutes for a car to pass, so as not to unnecessarily obstruct the car line. He saw a car approach two blocks away and before he could get out of the way the car struck the truck.

Under such circumstances the case was for the jury and a verdict in favor of the plaintiff will be sustained.

A street car company has not the exclusive right to the use of a street on which it operates its road, nor has it such right to its own tracks. By placing himself or his vehicle on the tracks of the street railway for any legitimate use of the street, the traveler does not become a trespasser, and will not become such unless he unreasonably and unnecessarily obstructs the company in the use of the tracks.

A person supervising work may testify to the correctness of the result without the production of each clerk or workman who contributed time and labor.

A duly qualified expert, who had seen the truck before the accident and had inspected it at the time it came into the shop after the accident, is competent to testify as to the depreciation of its value, when other evidence as to its condition prior to the accident had been produced.

Argued October 30, 1925. Appeal No. 246, October T., 1925, by defendant from judgment of the Municipal Court, Philadelphia, September T., 1924, No. 532, on verdict for plaintiff in the case of C. O. Struse and Sons, a corporation, v. Philadelphia Rapid Transit Co. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages to a motor truck. Before LEWIS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1912.05 and judgment thereon.  Defendant appealed.

*Errors assigned* were various rulings on evidence and refusal of defendant's motion for judgment non obstante veredicto.

*Samuel S. Herman* for appellant.

*Henry A. Craig* and with him *Peter McClaren* and *Albert L. Moise,* for appellee.

OPINION BY TREXLER, J., December 14, 1925:

The plaintiffs' driver placed their truck, loaded with cement upon the street car tracks of the defendant company, thus blocking them.  The cement was intended for the parties who had the contract for the paving of the street.  Before the driver backed the truck across the tracks, he had waited about ten minutes for a car to pass, so as not to unnecessarily obstruct the car line.  He saw a car approach two blocks away, and before he could get out of the way the car struck the truck.  The truck had been placed at such an angle as to conveniently deliver the cement to the place where it was to be used, or in the language of the driver, "I had to put it the way I had it—couldn't get it any other way in there."

It was not for the court to declare the driver guilty of contributory negligence.  As was said in McFarland v. Traction Co., 204 Pa. 423—"A street car company has not the exclusive right to the use of a street on which it operates its road, nor has it such right to its own tracks......By placing himself or his horse and vehicle on the tracks of a street railway for any legitimate use of the street, the traveler does not become a trespasser, and will not become such unless he unreasonably and unnecessarily obstructs the company

in the use of the tracks.'' The assignment directed to the refusal of binding instructions is overruled.

Objection is made to the testimony which was admitted regarding the repairs made to the plaintiffs' truck, the claim being that the witness' testimony was founded on hearsay. The supervisor of the shop in which the car was repaired stated that he had seen the truck shortly before the accident, that he gave the orders to the workers, superintended the repairs and examined the truck afterwards. He testified the charges were proper and reasonable. The time of the workmen employed he showed by the punches in the time cards, and this seems to be the part of the testimony to which objection is particularly made. The Supreme Court and this court have repeatedly held that modern business methods requires some latitude in the production of testimony of this nature. A person supervising work may testify to the correctness of the result without the production of each clerk or workman who contributed time and labor, and has what we may term the first knowledge of the facts. Spector v. Victory Insurance Company, 282 Pa. 429; Lowenstein v. Greenbaum 65 Pa. Superior Court 19; Com. v. Grotefend, 85 Pa. Superior Court 7, and cases there cited. The objection that the witness when he examined the completed work could not see certain nuts and bolts which in the progress of the work had been covered is too trivial to require further mention.

The admission of the testimony of a witness who testified to the depreciation of the value of the truck, presents a more serious question, but after careful consideration we conclude there was no error in the action of the court in allowing the testimony to go in. The witness formerly had been the manager of the used truck department of a large truck company, and his duties had been to appraise trucks which were to be traded in after they were returned for repairs. He

had supervised the repairs and also sold trucks. He saw the truck involved in this accident before the time it was injured, and saw it in the shop several times previous to the accident. He did not make any particular examination of it—had not opened the hood and looked inside. It was a mere casual looking at the truck.

It appeared on the trial of the case in the testimony of another witness that the truck was in good running order immediately prior to the accident. The expert testified by the inspection he made of the truck at the time it came into the shop after the accident that he had a knowledge of the degree of care or character of usage the truck had prior to the accident. The style and age of the truck had been stated. The witness knew the extent and details of the repairs. He had intimate knowledge of the work and methods employed in the shop. With all these facts we think an expert could visualize or make a mental picture of the car after it was repaired so as to give a fair estimation of the depreciation. In Uhr v. Davidyan 76 Pa. Superior Court 548, following Mish v. Wood 34 Pa. 451 we held that an expert might testify to the value of a rug after its condition and length of the use had been shown although he had never seen it. In Mish v. Wood, supra —After the condition of the contents of certain trunks were proven, the expert was allowed to testify to their value. A case was referred to in which a witness was allowed to testify to the value of a good setter dog, although he had not seen the dog in the case. "The competency of a witness and the extent of the knowledge he possesses, which must determine his competency, are largely matters of discretion for the trial judge." Glenn v. Kittanning I. & S. Mfg. Co., 62 Pa. Superior Court, 167. The court in his charge referring to the testimony of the expert was very careful to admonish the jury that if they found that the witness

did not know enough so as to give his evidence such positive character or nature to entitle it to credence, they should disregard it. We think the court was right in allowing it to go to the jury. All the assignments are overruled and the judgment affirmed.