## Snyder *v.* Harrisburg Railways Company, Appellant.

*Negligence—Automobile—Street car—Collision with—Case for jury—Right of street car company to use of street.*

In an action of trespass for damages to an automobile, resulting from a collision with a street car, it appeared that the street paving was torn up for repairs and that the plaintiff, wishing to deliver a package, stopped his automobile as near to the curb as the condition of the street permitted. It further appeared that the plaintiff remained at the wheel, and sent a boy to deliver the package and that the street car approached from the rear without sounding any warning, though the motorman had a clear view of the track for three squares.

Under such circumstances, the case was for the jury and a verdict for the plaintiff will be sustained.

A street car company has not the exclusive right to the use of the street on which it operates its road, nor has it such right to its own tracks. By placing himself or his vehicle on the tracks of a street railway for any legitimate use of the street, the traveler

20, (1926).]        Syllabus—Opinion of the Court.

does not become a trespasser, and will not become such unless he unreasonably and unnecessarily obstructs the company in the use of the tracks.

*Trials—Points for charge.*

A point requesting a charge on the evidence must be limited to the evidence.

Argued March 12, 1926. Appeal, No. 5, March T., 1926, by defendant, from judgment of C. P. Dauphin County, September T., 1923, No. 300, in the case of Louis S. Snyder v. Harrisburg Railways Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass to recover damages for injuries to an automobile. Before WICKERSHAM, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $400 and judgment thereon. Defendant appealed.

*Error assigned* was, among others, the refusal of defendant's motion for judgment n. o. v.

*Charles L. Bailey, Jr.,* and with him *George F. Lumb,* for appellant.

*Paul G. Smith,* and with him *John R. Geyer,* for appellee.

OPINION BY LINN, J., April 19, 1926:

Appellant's street car ran into plaintiff's automobile standing on a street in Harrisburg on a clear night between 10 and 11 o'clock causing the damage for which plaintiff now has judgment. The only matter for our consideration (a new trial was not asked for) is the refusal of defendant's motion for judgment n. o. v. Appellant contends that the motion should

have been granted because (1) there was no evidence of defendant's negligence, (2) plaintiff's negligence contributed to the accident.

The jury may have made the following inferences of fact from the evidence. Plaintiff drove down 6th street on the right side, intending to leave a parcel at No. 1740. The street paving in that square was in process of repair, making parts of the cartway impassable and preventing his driving or stopping close to the curb; such spots were marked by red lights. When he reached a point almost opposite 1740, he stopped his automobile as far away from the car tracks as was possible, and at what he thought was a distance sufficient to enable the car to pass, and from that point sent a boy to deliver the package while he waited for the boy's return. When he stopped, no street car was in sight; he remained at the wheel with his engine running so that if a street car approached, he could, if desirable, immediately move on and out of its way; his lights front and back were illuminated. Before the boy could get the package delivered the street car approached from the rear, without sounding any warning, though there was nothing to interfere with the motorman's view of the automobile for a distance of three squares. The verdict therefore establishes that with the street torn up as stated, the plaintiff stopped at a place where it was reasonable to do so, and for no longer time than necessary to accomplish the brief errand intended.

In such circumstances we cannot hold that there was contributory negligence; that was for the jury; it was submitted to the jury in a charge to which no exception was taken by defendant. In Struse v. Phila. R. T. Co., 87 Pa. Superior Ct. 46, in sustaining a judgment based on the negligence of the defendant, we said: "The plaintiff's driver placed their truck, loaded with cement, upon the street car tracks of the defendant company, thus blocking them. The cement was

intended for the parties who had the contract for the paving of the street. Before the driver backed the truck across the tracks, he had waited about ten minutes for a car to pass, so as not to unnecessarily obstruct the car line. He saw a car approach two blocks away, and before he could get out of the way the car struck the truck. The truck had been placed at such an angle as to conveniently deliver the cement to the place where it was to be used, or in the language of the driver, 'I had to put it the way I had it—couldn't get it any other way in there.'

"It was not for the court to declare the driver guilty of contributory negligence. As was said in McFarland v. Traction Co., 204 Pa. 423, 'A street car company has not the exclusive right to the use of a street on which it operates its road, nor has it such right to its own tracks ...... By placing himself or his horse and vehicle on the tracks of a street railway for any legitimate use of the street, the traveler does not become a trespasser, and will not become such unless he unreasonably and unnecessarily obstructs the company in the use of the tracks.' "

As to appellant's negligence, its position on this record is no better. There is contradictory evidence, of course, but to decide this motion, we must take what supports the verdict. Plaintiff occupied a space in the highway reasonably necessary in view of the condition of the street and the purpose of his errand; his lights were lit; the night was clear; the motorman had to approach for three squares with plaintiff's car in view; why didn't he see it? if he saw it, why didn't he sound a warning or stop his car or both? The answer lay with the jury, not with the court. After the collision, the motorman is reported to have said, "I thought I would clear that." If he had given warning of his approach, doubtless the automobile would not have been there to be cleared. See also Estep v. Beaver Valley Traction Co., 278 Pa. 414; Hope v.

Traction Co., 270 Pa. 115; Fenner v. Traction Co., 202 Pa. 365; Barnes v. Pittsburgh Rwy. Co., 26 Pa. Super. Ct. 36.

The other four assignments of error do not call for discussion; if the points refused be construed (as they were in the court below) as requests for binding instructions, they are disposed of by what has been said; if the second is to be understood as a request for charge on the evidence, it is bad in form as not limited to the evidence: Dinch v. Workmen, 75 Pa. Superior Ct. 101.

Judgment affirmed.