# Chew *v.* Philadelphia Rapid Transit Co., Appellant.

*Negligence—Street railways—Man working near track—Contributory negligence—Degree of care—Case for jury.*

In an action of trespass to recover damages for personal injuries, the evidence established that the plaintiff, a city employe, while repairing an asphalt pavement near the tracks of the defendant company, was struck by a trolley car and injured. There was evidence that the plaintiff had looked before taking his position near the tracks and that he had not seen any approaching cars. There was also evidence that no warning signal had been given.

Under such circumstances the case was for the jury and a verdict for the plaintiff will be sustained.

A laborer, working near the tracks of a street railway, must exercise care for his safety according to the circumstances. He knows he is occupying a place of great danger and his care must be commensurate with that danger. He is equally cognizant of the fact that he must faithfully perform the services required of him. Both obligations are resting upon him and each must be met with due regard for the other. The degree of care required of him is different from that required of a traveler who is about to pass over a railroad at a public crossing.

A railroad company also knows that the faithful performance of a laborer's duties prevents his constant watchfulness of approaching trains, and hence the apparent necessity for a signal or notice sufficiently adequate and timely that, by the exercise of due care on his part, he may escape a collision. The principles as to the degree of care required of employees working on or near tracks and of their employers apply to street railways as well as to railroads, and to employees of the city or other employees engaged in making repairs to city streets, upon which street railway tracks are located.

Argued October 15, 1926. Appeal No. 184, October T., 1926, by defendant from judgment of C. P. No. 3, Philadelphia County, September T., 1924, No. 7291, in the case of William Chew v. Philadelphia Rapid Transit Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before FERGUSON, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $2,500 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, refusal of defendant's motion for judgment non obstante veredicto.

*William M. Stewart, Jr.,* for appellant.

*Raymond Pace Alexander,* and with him *John Francis Williams,* for appellee.

Opinion by Cunningham, J., March 3, 1927:

The plaintiff in the court below while engaged as an employe of the City of Philadelphia in repairing an asphalt street was struck and injured by a trolley car operated by an employe of the defendant company and recovered a verdict for his damages. Counsel for defendant, contending that there was not sufficient evidence of negligence on the part of the motorman to justify the submission of the case to the jury and that the proximate cause of plaintiff's injuries was his own negligence, presented a point for binding instructions, which the learned trial judge refused and submitted both questions to the jury in a charge to which no exception was taken by defendant. This appeal followed the refusal of the court below to enter judgment for defendant n. o. v. The only errors assigned are the refusal of defendant's point for binding instructions and the overruling of its motion for judgment non obstante. It therefore becomes our duty to "review the action of the court below, and enter such judgment as shall be warranted by the evidence taken in that court." The test is whether binding instructions for the defendant would have been proper at the close of the trial (Dalmas v. Kemble, 215 Pa. 410; Shannon v. McHenry, 219 Pa. 267) and, in applying this test, the plaintiff must be given the benefit of every fact, and inference of fact, pertinent to the issue, which the jury

could legitimately find from the evidence before them: Strawbridge, App., v. Hawthorne, 47 Pa. Superior Ct. 647, 649. The case is not free from difficulty on the question of plaintiff's contributory negligence and reasonable men could fairly and conscientiously reach different conclusions under the evidence. Nor is it directly ruled by any of our decided cases because of a variation in several particulars from the facts upon which prior decisions were based. The cases most nearly resembling the one in hand are probably Van Zandt v. Phila., B. & W. R. R. Co., 248 Pa. 276, and Bardis v. Phila. & Reading Ry. Co., 267 Pa. 352, in the first of which our Supreme Court reversed a judgment for defendant n. o. v. and in the other affirmed the action of the trial judge in giving binding instructions for defendant. Reading the evidence in the light most favorable to the plaintiff, as we are required to do, we note the following facts and inferences of fact bearing upon the questions involved as fairly deducible from the testimony: Plaintiff was one of a gang of seven city employes engaged in the work of repairing asphalt streets in the vicinity of Susquehanna and Dauphin Avenues and 15th Street in the City of Philadelphia on the afternoon of September 24, 1924. These avenues run east and west and 15th Street runs north and south, intersecting them at right angles. The accident occurred on the east side of 15th Street in the block between Susquehanna Avenue and Dauphin Avenue, the next street to the north. Defendant operates trolley cars from the north to the south over a single track on 15th Street. On the day of the accident some of the members of the gang were engaged in tearing up the asphalt on both sides of the street car track at places requiring repairs in the block in question and plaintiff was engaged in removing the torn up pieces from the holes where new asphalt was to be laid. He was working on that portion of the driveway lying east of the car track and was piling the broken pieces on the

east curb of 15th Street. At the time of the accident he was removing broken up asphalt from a hole or depression located quite close to the east side of the car track and separated from the eastern rail thereof only by a row of cobble or block stones, a few inches in width, along the outside of the track. This depression was about fifty feet north of Susquehanna Avenue. When struck plaintiff was in a stooping position with one foot on the row of cobble stones along the track and the other in the depression.

Another employe, Gibson, one of plaintiff's witnesses, was working almost directly opposite him on the driveway west of the street car track. Of the other members of the gang some were working south of plaintiff toward Susquehanna Avenue and others north toward Dauphin Avenue. Plaintiff had been working in this vicinity about a week and knew that street cars passed south on 15th Street at frequent intervals and defendant's motorman knew that plaintiff and the other men were working in this block. With respect to the circumstances of the accident and speaking of the time shortly after a car had passed south plaintiff's testimony reads: "Q. What occurred? A. Well, I went over to this hole to clean the asphalt out, and I throwed about three pieces out of the hole, and there was nothing in the block at the time I went over there. Q. What do you mean by nothing in the block? A. There was no automobile or trolley or nothing. I didn't see anything coming at all. Q. There was no traffic in the block? A. There was no traffic in the block. I throwed about three pieces out of the hole, and that is all I remember. A car came up and struck me and knocked me unconscious, and that is all I can remember about it. ...... Q. Did you see the car? A. No, I didn't see the car. ...... Q. Did you see the trolley car at all? A. I didn't see it. Q. Did you look for a car? A. I looked to see whether there was any car coming when I went over to the place to clean the hole

out, and I didn't see any. Q. Where were you when you say you looked for a car and didn't see it? A. I looked for it coming south on 15th. Q. Where were you at that time? A. I was about three houses from Susquehanna on 15th. Q. Had you just put down some asphalt on the pavement or what had you been doing when you looked? A. I was just cleaning the hole out where they put the new asphalt into the hole. I was cleaning that out. I was cleaning the old out of the hole.'' There was positive evidence (Hugo v. B. & O. Rwy. Co., 238 Pa. 594) by plaintiff and another witness that no warning of the approach of the car was given by ringing the gong or in any other way. As opposed to this, the motorman testified that each time he passed through the men working near the track he sounded his gong and reduced his speed and that he did not know that his car had struck plaintiff until informed of the accident by the crew operating the following car. The witness Gibson, who was working within a few feet of plaintiff at the time of the accident, testified: ''I looked at the accident—I mean I seen it, but the trolley car was so close all I could do was to say 'Look out, Chew' and by that time I had to jump out of the way myself.'' This witness also said: ''The car didn't stop at all. The car didn't stop, and it didn't ring. It kept right on across Susquehanna Avenue. It didn't stop, because I hollered at him, and he didn't stop, and furthermore, I tried to overtake him and I couldn't overtake him.'' Under the evidence the question of the negligence of defendant's motorman was clearly a question of fact for the jury and they could legitimately find that the trolley car was operated at a speed which, under the circumstances, was negligent and without the giving of a proper warning of its approach. The serious question is whether plaintiff was so clearly guilty of contributory negligence as to entitle the defendant to binding instructions.

The degree of care required of persons employed

upon, about or close to railroad or street railway tracks differs materially from that required of an ordinary traveler about to cross such tracks and, hence, cases like Carroll v. Penna. R. Co., 12 W. N. C., 348, and Marland v. Pittsb. & L. E. R. Co., 123 Pa. 487, are not helpful in disposing of this appeal. On the question of the measure of duty owed by the operators of railroads and street railways to persons required to work on or close to their tracks there is a slight distinction with respect to those employed directly or indirectly by such operators and the employes of entirely independent employers, as was the case here. The presence along the tracks of employes of the first class is presumably known to the operators. In the above mentioned case of Van Zandt, App., v. Phila., B. & W. R. R. Co., 248 Pa. 276, the plaintiff was employed indirectly by the defendant. While working upon the piers of a railroad bridge in a place of danger from passing trains he was struck by a train which approached without warning. The negligence alleged was the failure of the defendant to give warning or notice of the approach of the train. The questions of the defendant's negligence and plaintiff's contributory negligence having been submitted to the jury, a verdict for plaintiff was returned. The trial judge entered judgment for defendant on the ground that plaintiff had been guilty of contributory negligence, which judgment was reversed by the Supreme Court. In the course of the opinion it is said, page 281, that what is required of the workman under such circumstances "is that he exercise care for his safety according to the circumstances. He knows he is occupying a place of great danger and his care must be commensurate with that danger. He is equally cognizant of the fact that he must perform faithfully the services required of him. Both obligations are resting upon him, and each must be met with a due regard to the other. Such is his position, and it is apparent that it is entirely different

from that of the traveler who is about to pass over the tracks of a railroad at a public crossing.'' With reference to the duty of the railroad company to the workman the court said ''It also knows that the faithful performance of his duties prevents his constant watchfulness of approaching trains and hence the imperative necessity for a signal or notice sufficiently adequate and timely that by the exercise of due care on his part he may escape a collision.'' That the principles thus announced with respect to the degree of care required of employes apply in street railway as well as railroad cases and to the employes of a city, or other employer, engaged in making repairs to city streets upon which street railway tracks are located is apparent from the cases of Owens v. Peoples Passenger Ry., App., 155 Pa. 334, and O'Malley v. The Scranton Traction Co., App., 191 Pa. 410. Counsel for appellant cites and relies upon the case of Bardis, App., v. Phila. and Reading Ry., 267 Pa. 352, as of controlling effect in this case. There an employe of a steel company was injured while shoveling coal piled between a main and a side track in the yards of a steel company. He had a space of fifteen feet within which to work and his work did not require him to be on the track or close to it. While standing close to the main track he was injured by a train operated very slowly thereon. The court below directed a verdict for the defendant. In affirming this action our Supreme Court held that the evidence showed that the injuries were due to plaintiff's own negligence and that the defendant had not been negligent. It was pointed out that there was no necessity for plaintiff to assume the position in which he was injured; that his mind was not so absorbed with his work that he could not properly take care of himself; that he chose to stand in a place of known and obvious danger; that he could have looked and listened and could have seen or heard the car approaching and stepped out of danger; and that by the slightest

attention to the circumstances surrounding him he would have been warned to move. It was further stated that there was nothing in the evidence from which the trainmen should have known of the presence of workmen on or near the tracks at this point and the court said "they [the trainmen] are not required to be observant as to persons who may occasionally move around over the yard; though they may be required to know where workmen are engaged about or on the tracks, as in Van Zandt v. Phila., B. & W. R. R. Co.," supra. On this appeal we are dealing with facts materially different. In Craven v. Pittsburgh Rys. Co., App., 243 Pa. 619, a verdict recovered by a borough employe engaged in cleaning a street who was injured by a trolley car under circumstances closely resembling those present in this case was sustained. After reviewing the facts disclosed by the evidence in the case cited, our Supreme Court said that these circumstances "tended to make the question of his [plaintiff's] duty under the circumstances a matter for the jury," and added: "It is to be remembered that the plaintiff was not an ordinary pedestrian with no care other than his own safety; on the contrary, he was a street cleaner engaged upon his work, and this fact could be taken into consideration in measuring his alleged negligence." Although, under the evidence here, other conclusions might be reached, yet a jury could reasonably find that plaintiff looked for a car at a proper time, viz., when he started to clean out the hole, and was not struck until he had thrown out several pieces of broken asphalt; that he was necessarily working close to the track and was engrossed in his work; and that warning was usually given of the approach of a car. From these facts the conclusion could be drawn that plaintiff kept that lookout for cars which an ordinarily careful man obliged to be in the street close to the track and giving his attention to his work would keep. The question of contributory negligence cannot be

treated as one of law unless the facts and the inferences from them are free from doubt and where there is doubt as to negligence upon the part of the plaintiff the case is for the jury. A majority of the members of this court are of opinion that the question whether this plaintiff exercised the degree of care required of him, under all the circumstances disclosed by the evidence, is so doubtful that there was no error in refusing binding instructions for the defendant and submitting the question of his contributory negligence to the jury.

The assignments of error are overruled and the judgment is affirmed.