Rothberg, Appellant, v. Phila. R. T. Co.

Argued November 19, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*David N. Feldman,* and with him *Joseph G. Feldman,* of *Feldman & Feldman,* for appellant.

*Raymond V. John,* and with him *John J. K. Caskie,* for appellee.

Opinion by Gawthrop, J., December 12, 1929:

On February 26, 1927, at about 7:30 P. M., plaintiff was driving his Dodge coupe eastward on the south

cartway of Market Street, in the City of Philadelphia. The street is sixty feet wide between curbs. Defendant operates a double track trolley line in the center thereof, the eastbound cars running on the south side. An elevated railway is over head, supported by pillars, whose bases are located just outside of the outer rails of the surface tracks. The space between the pillars and the curbs is sufficient for cars travelling thereon to pass cars parked along the curbs. When plaintiff was forty or fifty feet west of 60th Street, the driver of a Studebaker car ahead of him gave a hand signal and stopped. Plaintiff ''had to turn a little to the left.'' He turned into the space between two of the pillars and stopped, facing northeast, with his left front wheel on the eastbound track and his right front wheel between a pillar and the track. Further movement to the north was blocked by westbound traffic. When he stopped on the car track he saw defendant's car ''just passing'' 61st Street, which his witness from the Bureau of Surveys testified is five hundred and twenty-six feet west of 60th Street. He testified that nothing obstructed his view to 61st Street, and there was no other vehicle or trolley car approaching from the west, and that while his car was in that position the trolley car came along and struck the left side of his automobile and pushed it up against the pillar, causing damage to it and injuries to his person. The court in banc set aside the verdict rendered in his favor and entered judgment for defendant non obstante veredicto, on the ground that plaintiff was guilty of contributory negligence as matter of law. Plaintiff has appealed. In our opinion the action of the court below was right.

If defendant's car was where plaintiff said it was he could drive into the space between the pillars with reasonable safety. But he offered no reasonable excuse either for stopping on the track or remaining

there for more than a minute, as he says he did, where his position manifestly became dangerous as he saw the trolley car approaching. From all that appears he could have proceeded east on the eastbound trolley track, or could have backed his car into the open space behind him on the south cartway. Had he done either of these things he would have run no risk whatever. Defendant had a superior right to the portion of the street which was occupied by its cars. One who, knowing that a street car is approaching, voluntarily leaves his vehicle on the track when there is no reason, mechanical or otherwise, requiring him to do so, is guilty of contributory negligence as matter of law: Brown v. Beaver Valley Traction Co., 94 Pa. Superior Ct. 7. The case is clearly distinguishable from that of an automobile being stalled on a street car track (Mead v. Central Pa. Trac. Co., 63 Pa. Superior Ct. 76); and from that of an automobile occupying the street car track while the driver is attempting to extricate it from traffic, (Mitchell v. P. R. T., 85 Pa. Superior Ct. 434); and from that of a team or truck which is obliged to occupy the street car track in order to unload, (Struse v. P. R. T., 87 Pa. Superior Ct. 46); and other similar situations, some of which are enumerated in Rothweiler v. P. R. T., 93 Pa. Superior Ct. 369, in all of which some emergency or compelling reason for the occupancy of the track at the time of the collision appeared.

The judgment is affirmed.