Glassman et al., Appellants, *v.* **P. R. T. Co.**

Argued September 28, 1933.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Edward Tolen,* for appellants.

*Harpur M. Tobin,* and with him *Bernard J. O'Connell,* for appellee.

OPINION BY PARKER, J., December 16, 1933:

The plaintiffs have appealed from the refusal of the lower court to remove a nonsuit entered in a suit for damages to plaintiffs' truck, resulting from a collision with a trolley car of the defendant company.

On the afternoon of a clear day, the driver of plaintiffs' truck was collecting merchandise and had occasion to stop at No. 134 South 17th Street in the city of Philadelphia. He stopped the truck at an angle to the line of traffic so that a small portion of the rear left end of the truck was near the west rail of the tracks of the defendant company. At this time he saw the car of defendant at Chestnut Street approaching from the north. The driver had expected to find a package on the sidewalk but as it was not there he went into the store, picked up the package, and came out, when he saw the street car approaching and he stated that he knew that if it came on it would strike the corner of his car.

The only question involved is whether the plaintiffs are chargeable with contributory negligence, and the solution turns upon the necessity for the driver leaving the car in the position in which he did. The only witness called on the question of negligence was the driver of the truck, John Matthews, who testified on direct examination as follows: "Q. Why did you not pull up your truck against the curb and away from

the car track? A. There was a snow bank there, and I could not. Q. Was there any space for you to drive up? A. No." This, as the lower court remarks in his opinion, was a general statement and involved a conclusion and was not a full statement of the facts from which he **drew his conclusion.** Being interrogated on cross examination as to just what obstacles were in the way that would prevent him from placing the truck so that it would not be upon the line of travel of the street car, he gave the following answers: "Q. You mean to say there was not room for more than one car? A. No, no. Q. Room for one car, you say—your car, Mr. Matthews? A. My car; that is all. Q. And five feet over? A. Yes. Q. So, as a matter of fact, you could have pulled your truck into the space? A. No, you couldn't; you could not pull it in snow, on account of the bank of snow there. Q. So that your car could have been parked on 17th Street, even though the snow was along the curb, and be clear of the trolley track; isn't that correct? A. Yes; that is right. Q. And the space between the parked cars was long enough to take your automobile, and five feet over? A. That is right."

This evidence presented a clear case of contributory negligence. As we said in the case of Rothberg v. P. R. T. Co., 97 Pa. Superior Ct. 447, 450: "One who, knowing that a street car is approaching, voluntarily leaves his vehicle on the track when there is no reason, mechanical or otherwise, requiring him to do so, is guilty of contributory negligence as matter of law." Also, see Brown v. Beaver Valley Trac. Co., 94 Pa. Superior Ct. 7. The case is clearly distinguishable from that of an automobile which has been stalled on a street car track (Mead v. Central Penna. Trac. Co., 63 Pa. Superior Ct. 76) ; and from that of a team or truck which is obliged to occupy the street car track for the purpose of unloading (Struse v. Phila. R. T. Co., 87 Pa. Superior Ct. 46; McFarland v. Cons. Trac.

Co., 204 Pa. 423, 54 A. 308); and from a case where the driver was unable to get his automobile close to the curb because the street paving was then in process of construction (Snyder v. Harrisburg Rwys. Co., 88 Pa. Superior Ct. 20); and from other situations in which some emergency or compelling reason for the occupancy of the track existed at the time of the collision.

Where there is a real conflict in the testimony produced by a plaintiff, part of which may support a verdict and the other will not, it is for the jury to reconcile the conflicting statements and determine which shall prevail. There is not here, however, any room for doubt as to the true import of the testimony. When the actual facts were stated, the only inference that could be drawn was that the driver left the truck upon the street car track knowing the car was approaching but expecting that he could get back and remove it before the car came and that there was ample room to have parked his truck in such position that it would not be within the line of travel of the street car. While it might not have been possible to have placed the truck against the curb, he stated unequivocally that there was room to park his truck, even though there was snow along the curb, so that it would be clear of the trolley.

The judgment is affirmed.