## UNITED STATES v. PHILADELPHIA TRANSP. CO.

### No. 848.

District Court, E. D. Pennsylvania.

April 18, 1941.

Gerald Gleeson, U. S. Atty., of Philadelphia, Pa., for plaintiff.

John J. McDevitt, Jr., of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

This case was tried without a jury. The action is by the United States of America against the Philadelphia Transportation Company for damages to a United States mail truck.

The facts are virtually · undisputed. There was a collision between the defendant's street car and the plaintiff's mail truck, in front of the post office on the north side of Midvale avenue, between 36th and 37th streets. Midvale avenue at that point is downgrade, straight, and has two sets of car tracks in the center of the street. Midvale avenue is 40 feet from curb to curb. The distance from the first rail to the curb is 12 feet 6 inches. The mail truck was 5 feet 7½ inches in width overall.

Sabin, the driver of the mail truck, stopped his vehicle in front of the post office to "tap" a mail box on the pavement. While he was out of the truck, a westbound street car struck the left hand rear of the truck and pushed it some 15 to 20 feet up on the pavement, the trolley car coming to a stop about 20 or 30 feet after the collision.

The driver testified that he had chains on the tires of his mail truck. He said that when he reached the post office he pulled out of the car tracks but that he was unable to park the truck along the curb because there was a three-foot high pile of snow which prevented him from doing so. When he came to a stop the mail truck was facing west, parallel to the tracks. The driver said that when he had parked his truck as far from the tracks and as close to the curb as he physically could, he alighted and walked over to the mail box on. the pavement so as to obtain its contents, return to the truck, and then continue with the rest of his trip to pick up mail. It was while he was getting the mail out of the mail box on the pavement, which, incidentally, was some 12 feet from the curb, that the driver heard a crash and saw that the westbound street car had struck his truck. He testified that at the time he came to a stop he looked and ascertained that there was no street car in sight.

The defendant's motorman who operated the street car testified that the point of the accident was some 900 feet west of the crossing, and that he had a full view of the truck in its parked position when he was 300 feet away. He said, however, that he thought there was sufficient clearance to permit the street car to continue on its journey without coming into collision with the mail truck, in which observation he was in error, and hence this suit.

Records of the United States Weather Bureau, introduced into evidence, disclosed that there had been a heavy snow fall from November 24th to November 27th of that

year, and that on the evening of November 27th there were 9.1 inches of snow on the ground; that at 7:30 P. M. on November 30th, about three hours before the accident, that at the Weather Bureau's point of observation in the central part of the city there were 2.7 inches of snow and slush, thaw having set in on the previous day and continuing up until the time of the accident.

Testimony was heard in support of the plaintiff's claim that the damages to the truck caused an outlay by the plaintiff of $164.67, and I find that this outlay was necessary and proper and that the prices charged for the material and labor were reasonable and such as prevailed at the time the repairs were made.

At the conclusion of the case there was a motion by the defendant for a directed verdict.

The motion for a directed verdict must be denied.

It is clear that the defendant was guilty of negligence and that the plaintiff was free of negligence, and the verdict must be for the plaintiff.

The defendant relies on Rothweiler v. Philadelphia Rapid Transit Co., 93 Pa. Super. 369; Rothberg v. Philadelphia Rapid Transit Co., 97 Pa.Super. 447; Pollock v. Philadelphia Rapid Transit Co., 139 Pa.Super. 256, 11 A.2d 665; Glassman et al. v. Philadelphia Rapid Transit Co., 111 Pa.Super. 58, 169 A. 241; in support of its motion for a directed verdict and its contention that the plaintiff's driver was guilty of contributory negligence.

These cases are clearly distinguishable on their facts from the instant case.

In the Rothweiler case, the plaintiff stood between his truck and the street car tracks, in order to inspect a left rear spring. He could have made the inspection by standing behind the truck in a cleared space instead of between the truck and the car tracks.

In the Rothberg case, the plaintiff stopped his automobile with the left front wheel on the car tracks, in face of the fact that he could have driven it into an available safe space.

In the Pollock case the plaintiff stopped his automobile on the car tracks in compliance with a stop traffic light, and was almost immediately struck by a street car approaching from the rear.

In the Glassman case the plaintiff admitted that he saw the street car approaching; that he knew that the street car could not pass his truck without striking it; and that he could have parked it in a safe position.

There is no doubt that it is the Pennsylvania rule that the "defendant had a superior right to the portion of the street which was occupied by its cars" and "One who, knowing that a street car is approaching, voluntarily leaves his vehicle on the track when there is no reason, mechanical or otherwise, requiring him to do so, is guilty of contributory negligence as matter of law." Rothberg v. Philadelphia Rapid Transit Co., supra.

However, in the case just cited, and in numerous other decisions of the Pennsylvania appellate courts where there is "some emergency or compelling reason for the occupancy of the track at the time of the collision" the rule does not apply.

Thus, in the case of McFarland v. Consolidated Traction Co., 204 Pa. 423, 54 A. 308, where the plaintiff, when there was no street car in sight, backed his wagon against the curb with the horse standing on the tracks and proceeded to unload, and the motorman of the street car, despite an unobstructed view of the horse and wagon for a considerable distance, came along and struck the horse and wagon, it was held that the facts did not warrant the court in declaring the plaintiff guilty of contributory negligence and directing a verdict for the defendant company, but on the contrary they fully justified the jury in its conclusion that the plaintiff had performed his duty and had exercised proper care under the circumstances. Said the court (p. 423 of 204 Pa., page 310 of 54 A.):

"A street car company has not the *exclusive* right to the use of the street on which it operates its road, nor has it such right to its own tracks. * * * By placing himself or his horse and vehicle on the tracks of a street railway for any legitimate use of the street, the traveler does not become a trespasser, and will not become such unless he unreasonably and unnecessarily obstructs the company in the use of the tracks." (Italics supplied.)

To the same effect was Struse v. Philadelphia Rapid Transit Co., 87 Pa.Super. 46.

A close analogy exists between the instant case and Snyder v. Harrisburg Rail-

248

ways Co., 88 Pa.Super. 20, where the street paving was torn up for repairs and the plaintiff, wishing to deliver a package, stopped his automobile as near to the curb as the condition of the street permitted. At the time he did so there was no street car in sight. The court in the Snyder case ruled that under the circumstances the court could not hold that it was contributory negligence but that it was for the jury. Said the court (page 23 of 88 Pa. Super.):

"Plaintiff occupied a space in the highway reasonably necessary in view of the condition of the street and the purpose of his errand; his lights were lit; the night was clear; the motorman had to approach for three squares with plaintiff's car in view; why didn't he see it? if he saw it, why didn't he sound a warning or stop his car or both? The answer lay with the jury, not with the court. After the collision, the motorman is reported to have said, 'I thought I would clear that.'"

In Chew v. Philadelphia Rapid Transit Co., 90 Pa.Super. 155, the plaintiff, a city employee, while repairing an asphalt pavement near the tracks of the defendant company, was struck by a street car and injured. There was evidence that the plaintiff had looked before taking his position near the tracks, and that he had not seen any approaching cars. The court held that the case was for the jury and sustained the verdict for the plaintiff.

This case is cited because the court specifically ruled that the nature of the business upon which the plaintiff was employed at the time he took up his position near the car tracks must be taken into consideration, and that where the business of the plaintiff was of a "public" character, i.e., street repairs, that the fact must be taken into consideration in measuring his alleged negligence.

To the same effect was Craven v. Pittsburgh Rys. Co., 243 Pa. 619, 90 A. 361, 362, where a street cleaner was injured by a street car while working near the tracks. Said the court: "It is to be remembered that the plaintiff was not an ordinary pedestrian with no care other than his own safety; on the contrary, he was a street cleaner engaged upon his work, and this fact could be taken into consideration in measuring his alleged negligence."

It cannot be argued, of course, that the pickup and delivery of the mails is less in the public interest than repairing or cleaning the streets.

 In view then of the facts as I find them, that:

(1) The plaintiff's mail truck driver parked as close to the curb and as far from the tracks as he possibly could under the existing snow-and-ice street condition;

(2) That when he did so there was no street car in sight;

(3) That he made his stop to collect the mail from a mail box; and

(4) That the motorman had a clear and unobstructed view of the parked mail truck when he was 300 feet distant, the verdict of this court is that the plaintiff's mail truck driver was free of contributory negligence, and that the defendant's motorman was negligent.

I assess the damages sustained by the plaintiff at $164.67.